Deborah D. KOCH, Appellant,

v.

Anthony H. KOCH, Appellee.

No. 04–99–00602–CV.

Court of Appeals of Texas, San Antonio.

June 30, 2000.

James N. Higdon, Higdon, Hardy & Zuflacht, L.L.P., San Antonio, for appellant.

R. Laurence Macon, Pamela J. St. John, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for appellee.

Sitting: RICKHOFF, LÓPEZ, and DUNCAN, Justices.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

This appeal arises from a vacated arbitration award in the divorce proceedings of Deborah D. Koch ("Deborah") and Anthony H. Koch ("Anthony"). In six issues, Deborah complains that the trial court abused its discretion in setting aside and vacating the corrected arbitration award and ordering the case to a jury trial. We reverse and remand the judgment of the trial court.

### Factual and Procedural Background

Anthony and Deborah were married on June 28, 1986. Prior to the marriage, on June 25, 1986, the parties entered into a prenuptial agreement, which stated: "Nei-

ther party will assert or seek any right, title, interest, award, charge, or benefit from the separate property of the other party owned at the time of divorce. Each party will take in full settlement of his or her property and all other rights due upon divorce his or her own separate property estate and his or her one-half (½) share of the community property estate of the parties ... all liabilities benefitting community property alone, or representing expenditures for community living expenses, shall be assumed one-half (½) by each party." The prenuptial agreement also specified that "[a]ll community property is to be divided equally between the parties according to its value." During the marriage, on September 26, 1996, the parties entered into a post-nuptial agreement, which maintained: "In the event the parties obtain a divorce, the parties agree to split all assets and liabilities equally." The trial court found both agreements valid in a declaratory judgment action on October 29, 1996.

Anthony filed for divorce on July 25, 1996. No further action was taken until Deborah filed her answer on July 3, 1997. Pursuant to the arbitration provision in the prenuptial agreement, Anthony requested arbitration. Following three arbitration sessions in June and July 1998, the arbitrator entered a preliminary award on November 25, 1998 and filed a Corrected Arbitration Award on February 25, 1999. On April 30, 1999, Deborah filed a motion to enter the divorce decree and requested that the arbitration award be confirmed. Anthony filed an application to vacate and/or modify the award. On May 7, 1999, the trial court granted Anthony's application to vacate the award, denied Deborah's motion to enter the divorce decree, and on its own motion, ordered the divorce to trial on the merits. On July 15, 1999, the trial court vacated the arbitration award and denied Deborah's motion to reconsider. On July 27, 1999, the trial court denied Deborah's second motion for reconsideration.

On appeal, Deborah complains that the trial court abused its discretion by vacating the arbitration award and ordering the case to trial. Specifically, Deborah asserts that the trial court failed to give the appropriate deference to the arbitration award by not following the provisions outlined in the Texas General Arbitration Act ("TGAA"). Deborah further asserts that insufficient evidence exists to support the trial court's order vacating the arbitration award and that the trial court abused its discretion by taking judicial notice of the arbitration proceedings. Finally, Deborah contends that Anthony waived his right to a jury trial by requesting arbitration.

## Standard of Review

The. standard for reviewing this case is whether the trial court abused its discretion. A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to any guiding rules and principles. *See Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex.1997). Likewise, a trial court abuses its discretion in the following ways: (1) when it attempts to exercise a power that it does not legally possess; (2) if it declines to exercise a power of discretion vested in it by law when the circumstances require that the power be exercised; (3) if it purports to exercise its discretion without sufficient information upon which a rational decision may be made; and (4) if it exercises its power of discretion by making an erroneous choice as a matter of law in the following ways: (i) by making a choice that is not within the range of choices permitted by law, (ii) by arriving at its choice in violation of an applicable legal rule, principle, or criterion, or (iii) by making a choice that is legally unreasonable in the factual-legal context in which it is made. *See Landon v. Jean–Paul Budinger, Inc.*, 724 S.W.2d 931, 939–40 (Tex.App.—Austin 1987, no writ); *see also* W. Wendell Hall, *Standards of Review in Texas*, 29 St. Mary's L.J. 351, 363 (1998).

■ In Texas, courts favor arbitration agreements. *See Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 268 (Tex.1992). Accordingly, any doubts regarding the scope of an arbitration agreement are resolved in favor of arbitration. *See Nationwide of Fort Worth, Inc. v. Wigington,* 945 S.W.2d 883, 884 (Tex.App.—Waco 1997, writ dism'd w.o.j.). Arbitrations may be conducted under common law or pursuant to the TGAA. *See* Tex.Civ.Prac. & Rem. Code Ann. §§ 171.001–.098 (Vernon Supp. 2000). To set aside an arbitration award, the complaining party must allege a statutory or common law ground to vacate the award. *See Anzilotti v. Gene D. Liggin, Inc.,* 899 S.W.2d 264, 266 (Tex.App.— Houston [14th Dist.] 1995, no writ).

■ Because the courts favor arbitration awards as a means of disposing of disputes, the courts indulge every reasonable presumption in favor of upholding the awards. *See Nuno v. Pulido,* 946 S.W.2d 448, 452 (Tex.App.—Corpus Christi 1997, no writ). A mere mistake of fact or law alone is insufficient to set aside an arbitration award. *See id.* An arbitration award is to be given the same weight as a trial court's judgment, and the reviewing court may not substitute its judgment for the arbitrator's merely because it would have reached a different result. *See Riha v. Smulcer,* 843 S.W.2d 289, 293–94 (Tex. App.—Houston [14th Dist.] 1992, writ denied). To review an arbitration case, the court reviews the entire record. *See id.* at 294.

### Setting the Case for Trial

■ In her first and second issues, Deborah complains that the trial court abused its discretion by vacating the Corrected Arbitration Award and ordering the case to trial. Specifically, Deborah argues that the trial court failed to give the appropriate deference to the arbitration award by not following the provisions in the TGAA. Furthermore, Deborah contends that when the trial court is permitted to vacate an arbitration award, the trial court

may only: (1) modify the award to correct any proven error by the arbitrator under section 171.091, or (2) refer the matter back to the arbitrator who made the award for a rehearing directed by section 171.089. In response, Anthony asserts that when the trial court vacates an arbitration award, section 171.089 of the TGAA gives the trial court discretion to order the parties to trial.

Section 171.091 provides that on application, the court *shall modify* or correct an award if there was: (1) a miscalculation of figures; (2) a mistake in the description of a person, thing, or property referred to in the award; (3) the arbitrators made an award on an issue not submitted to them and the award may be corrected without affecting the merits of the issues submitted; or (4) the award is imperfect in form only. *See* Tex.Civ.Prac. & Rem.Code Ann. § 171.091(a) (Vernon Supp.2000) (emphasis added). If the application is granted, the statute further provides that the court shall modify or correct the award to effect its intent and shall confirm the award as modified or corrected. If the application is not granted, section 171.091(c) directs the court to confirm the award. *See id.* at § 171.091(c).

Section 171.088 provides that on application of a party, the court *shall vacate* an award if: (1) the award was obtained by corruption, fraud, or other undue means; (2) the rights of a party were prejudiced by evident partiality by an arbitrator, corruption in an arbitrator, or misconduct or willful misbehavior of an arbitrator; (3) *the arbitrators exceeded their powers,* refused to postpone the hearing after a showing of sufficient cause for the postponement, refused to hear evidence material to the controversy, or conducted the hearing in a manner that substantially prejudiced the rights of a party; or (4) there was no agreement to arbitrate, the issue was not adversely determined, and the party did not participate in the arbitration hearing without raising an objection. *See* Tex.Civ. Prac. & Rem.Code Ann. § 171.088 (Vernon

Supp.2000) (emphasis added). Here, the only disputed issue is whether the arbitrator exceeded her authority.

Section 171.089 provides that on vacating an award, the court *may* order a rehearing before new arbitrators are chosen: (1) as provided in the agreement to arbitrate; or (2) by the court if the agreement does not provide the manner of choosing the arbitrators. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 171.089(a) (Vernon Supp .2000) (emphasis added). If the award is vacated under section 171.088(a)(3) (where the arbitrator exceeded her power), the court *may* order a rehearing before the arbitrators who made the award or their successors appointed. *See id.* at § 171.089(b) (emphasis added).

In the instant case, Anthony argues that the trial court has discretion to set the case for trial because the "may" language in section 171.089 is permissive. *See Wright v. Ector County Indep. Sch. Dist.,* 867 S.W.2d 863, 868 (Tex.App.—El Paso 1993, no writ) ("shall" is mandatory, "may" is permissive). However, despite this language, the statute is silent on whether this grant of discretion includes the right to order the parties to trial when the arbitration is vacated. Because the statute does not provide language that allows the court to set the case for trial, we will follow the explicit language in the statute. Since the statute provides that the trial court is limited to either modifying the award or referring the matter back to the arbitrator for a rehearing, we find that the trial court abused its discretion when it sent the parties to trial because setting the dispute for trial is not within the alternatives permitted by the statute. We find that the trial court abused its discretion and accordingly, sustain Deborah's first and second issues.

Sustaining these issues requires us to reverse this cause of action for further proceedings. We need not address Deborah's arguments addressing whether the arbitrator exceeded her authority because the trial court did not make this determi-

nation. Although whether the arbitrator exceeded her authority was an issue during the May 7, 1999 hearing on Anthony's motion to modify and/or vacate the arbitration award, the trial court never expressly determined that the arbitrator exceeded her authority. Instead, the record contains dialogue between the trial court and the attorneys where the trial court indicated that it did not want to delve into the arbitration record and review the arbitrator's award.

Further, the trial court's order vacating the arbitration award simply "ordered, adjudged and decreed that the Petitioner's Application to Vacate and/or Modify the Arbitration Award is granted and that the Corrected Arbitration Award dated June 15, 1998 (and all prior awards) are hereby vacated and that this case will be set for trial." During Deborah's motion for rehearing on July 15, 1999, the trial court refused to state its basis for vacating the award and expressly stated, "All I did was deny the arbitration and order that the case be tried." We accordingly remand the cause for a determination.