No. 04-01-00587-CV


George L. STIEREN,

Appellant


v.


Karen MCBROOM,

Appellee


From the 216th Judicial District Court, Kerr County, Texas 

Trial Court No. 98-492-A

Honorable Stephen B. Ables, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Sandee Bryan Marion, Justice 


Delivered and Filed: December 18, 2002


AFFIRMED IN PART AND REVERSED AND REMANDED IN PART



 In this appeal, we are asked to decide whether the trial court abused its discretion in vacating
an arbitrator's award on the grounds that the award was not in the minor child's best interest. Also,
we are asked whether the trial court had the authority to determine the merits of appellant's motion
to modify his child support obligations after vacating the arbitrator's award. We conclude the trial
court did not err in vacating the arbitrator's award, but did err in determining the merits of appellant's
motion to modify. Accordingly, we affirm in part and reverse and remand in part.

BACKGROUND

 Appellant, George Stieren, and appellee, Karen McBroom, were divorced in February 1999,
at which time their daughter, Gretchen, was one month shy of her eighteenth birthday and their son,
Arthur, was ten years old. At the time of the divorce, Stieren and McBroom entered into an
agreement incident to divorce ("AID"), which provided that, "To the extent permitted by law, the
parties stipulate that this agreement is enforceable as a contract." The agreement did not specify the
amount of child support to be paid, but instead stated: "The parties acknowledge that they have
agreed to a joint managing conservatorship with provisions for possession of and access to the minor
child, and for child support and medical costs and that such agreement is contained in the Final
Decree of Divorce." The divorce decree approved and incorporated the AID, and specified the child
support to be paid by Stieren, which amounted to $6000 per month for four years, and $5000 per
month thereafter until a specified event with regard to Arthur occurred (e.g., Arthur turned eighteen
years old, or graduated from high school).

 In April 2000, Stieren filed a motion to modify his child support payments, seeking a
reduction on the following grounds: (1) he agreed to deviate from the Family Code's child support
guidelines in order to allow McBroom to continue to live at their home on Panorama Drive, but
because she has sold the house and moved to a smaller house, a payment of $6000 was no longer
justified; (2) Gretchen is eighteen years old and no longer lives with McBroom because she is now
attending college in New York; (3) Stieren's family obligations have increased based on his marriage
to a woman with two children and they are expecting their own child in the near future; and (4)
Arthur's needs do not justify a payment of $6000 per month. The AID provided that any controversy
arising from the divorce decree or the AID that could not be resolved by mediation or negotiation
would be submitted to binding arbitration. After an unsuccessful mediation, Stieren's motion to
modify was referred to binding arbitration. THE ARBITRATOR'S AWARD The arbitrator, an experienced family lawyer, determined that Stieren's motion to modify child
support should be granted. The arbitrator reduced the child support owed by Stieren from $6000 to
$4200 per month, stating the following reasons: (1) there had been material and substantial changes
in that Gretchen was an adult and no longer entitled to child support and Stieren has a new minor
child for whom he has a duty of support, in addition to his duty to support Arthur; and (2) it is in
Arthur's best interest to receive child support based on present circumstances and proportionate to
that previously provided for both Gretchen and Arthur. The arbitrator also determined that the terms
of the divorce decree regarding child support were not enforceable as a contract.

 McBroom then filed, in district court, a motion to vacate the arbitration award on the
following grounds: (1) the award was not in Arthur's best interest; (2) Stieren's income had increased
from the date of the divorce decree by ten times; and (3) the arbitrator exceeded his authority in
interpreting the divorce decree. After a hearing, the trial court vacated the arbitrator's award, held
that the divorce decree remained in full force and effect, and then denied Stieren's motion to modify.
The trial court issued findings of fact and conclusions of law. On appeal, Stieren raises fifty-three
issues, but his chief two complaints are that the trial court erred in vacating the arbitrator's award and
in considering the merits of his motion to modify. 


STANDARD OF REVIEW

 Review of an arbitration award is "extraordinarily narrow," and we must indulge every
reasonable presumption in favor of upholding the arbitration award. Cooper v. Bushong, 10 S.W.3d
20, 24 (Tex. App.--Austin 1999, pet. denied); see also J.J. Gregory Gourmet Servs., Inc. v. Antone's
Import Co., 927 S.W.2d 31, 33 (Tex. App.--Houston [1st Dist.] 1995, no writ). "Review is so
limited that an arbitration award may not be vacated even if there is a mistake of fact or law." Vernon
E. Faulconer, Inc. v. HFI, Ltd. P'ship, 970 S.W.2d 36, 39 (Tex. App.--Tyler 1998, no pet.). In
circumstances such as those presented here, a trial court may vacate an arbitrator's award under only
two circumstances: (1) as allowed by the Family Code or (2) as allowed by the Texas Arbitration Act
("TAA"). Under the Family Code, when parties agree to binding arbitration, the trial court "shall
render an order reflecting the arbitrator's award unless the court determines at a non-jury hearing that
the award is not in the best interest of the child." Tex. Fam. Code Ann. § 153.0071(b) (Vernon
Supp. 2002). Under the TAA, "the trial court shall vacate an [arbitrator's] award if . . . the
arbitrators exceeded their powers . . . ." Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(3)(A)
(Vernon Supp. 2002).

VACATING THE ARBITRATOR'S AWARD 

UNDER THE FAMILY CODE: BEST INTEREST OF THE CHILD


 McBroom sought to avoid rendition of the arbitrator's award; therefore, she bore the burden
of proving the award was not in Arthur's best interest. See Tex. Fam. Code Ann. § 153.0071(b).
Trial courts have broad discretion in determining the best interests of a child, and the court's
judgment will be set aside only upon a finding that the court abused its discretion. Gillespie v.
Gillespie, 644 S.W.2d 449, 451 (Tex. 1982); In the Interest of S.B.C., 952 S.W.2d 15, 17 (Tex.
App.--San Antonio 1997, no writ); MacCallum v. MacCallum, 801 S.W.2d 579, 582 (Tex.
App.--Corpus Christi 1990, writ denied).

 Stieren relies on Family Code section 154.126 for his contention that because the amount of
his child support obligation exceeded the presumptive maximum under the statutory guidelines of
$1200, the trial court was limited to consideration of Arthur's actual needs in determining his best
interest. Stieren contends McBroom did not establish Arthur's actual needs in excess of the
presumptive amount because she only testified it was not in Arthur's best interest for her to live on
$4200 per month. We do not believe section 154.126 is determinative in a motion to vacate an
arbitrator's award in a modification proceeding. Cf. Lundy v. Lundy, 973 S.W.2d 687, 690 (Tex.
App.--Tyler 1998, pet. denied) (prior child support order not in compliance with statutory guidelines
did not by itself establish a material and substantial change in circumstances); Farish v. Farish, 921
S.W.2d 538, 544 (Tex. App.--Beaumont 1996, no writ) (same). In a proceeding on a motion to
vacate an arbitrator's award under the Family Code, the court must consider the best interest of the
child. However, the best interest of a child is not determined in a vacuum. As in any child support
modification proceeding, the court may consider whether and in what manner the circumstances of
the parties or the children have changed since the entry of the prior order.

 Here, the court was aware that Stieren and McBroom agreed in February 1999 to a child
support amount higher than the guideline amount. At that time, they and the court agreed the higher
amount was in the child's best interest. In February 1999, the parties agreed Stieren would pay
$6000 per month for four years, after which he would pay $5000 per month until, among other
occurrences, Arthur turned eighteen years old or graduated from high school. Although at the time
of the divorce Gretchen was one month short of her eighteenth birthday and three months short of
graduating from high school, and had already been accepted for enrollment at a New York college,
the decree did not provide for a decrease in Stieren's support obligation based on any of these
occurrences. McBroom, who was the only witness at the hearing on the motion to vacate, testified
she and Stieren both wanted the least disruption possible in their children's lives following the
divorce, and they did not want the children to experience a significant change in circumstances
between her house and Stieren's.

 The court was also aware that Stieren filed his motion to modify only one year after reaching
the original agreement on child support in February 1999. McBroom testified that Stieren's income
increased significantly, from approximately $650,000 in 1998 to $2 million in 2000 and in excess of
$4 million at the time of the proceeding on the motion to vacate. She said Stieren was angry when
she told him she intended to remarry and move out of the Panorama Drive house, and he threatened
to lower the child support payments. Although McBroom admitted that Stieren said at the arbitration
hearing he understood he would pay $6000 per month only so long as she lived in the house awarded
to her in the decree, she testified that was not their agreement.

 The trial court relied on McBroom's testimony that at the time of the divorce, the parties
agreed the child support amount was in the children's best interest. Also in the divorce decree, the
agreed upon amount was found by the court to be in the children's best interest. Based on the
uncontroverted evidence adduced at the hearing on the motion to vacate, the trial court determined
that since the 1999 decree there had been no material and substantial change in circumstances to alter
its initial finding that the award was in Arthur's best interest. Considering the mandate that the best
interest of the child is the court's primary consideration, we cannot conclude the trial court abused
its discretion in vacating the arbitrator's award. (1)

TRIAL COURT'S ABILITY TO PROCEED

ON THE MERITS OF STIEREN'S MOTION TO MODIFY


 After vacating the arbitrator's award, the trial court proceeded to consider and rule on
Stieren's motion to modify. Stieren asserts the trial court erred in doing so because the AID provides
that any dispute must be referred to binding arbitration and that once the arbitrator's award was
vacated, the matter must be sent back to arbitration. We agree.

 This court considered a similar issue in Koch v. Koch, 27 S.W.3d 93 (Tex. App.--San
Antonio 2000, no pet.), in which the appellant asserted the trial court abused its discretion in setting
aside and vacating a corrected arbitration award and ordering the case to a jury trial. In Koch, the
parties' agreement to arbitrate predated the Family Code section regarding arbitration; however, the
current version of Family Code section 153.0071 does not indicate the procedure to be followed
when a trial court does not enter an order reflecting the arbitrator's award. Therefore, we resolve
this issue in the same manner as the Koch court: by reference to the TAA. Id. at 96-97; see also In
re Cartwright, No. 01-01-00948-CV, 2002 WL 501595, at *4 (Tex. App.--Houston [1st Dist.] Apr.
4, 2002, no pet. h.) (when arbitration is binding, it is appropriate to follow the provisions of the
TAA); see also Cooper, 10 S.W.3d at 24-25 (same). Under the TAA, if a court vacates an arbitration
award, it may order a rehearing before new arbitrators chosen pursuant to the agreement to arbitrate
or by the court if the agreement does not provide the manner of choosing the arbitrators. Id. at §
171.089(a). If the award is vacated under section 171.088(a)(3)(A) (where the arbitrator exceeded
his power), the court may order a rehearing before the arbitrators who made the award or their
appointed successors. Id. § 171.089(b).

 McBroom argues that the trial court must rule on the motion to modify to bring resolution
to a request for modification of child support. There is merit to McBroom's argument. Texas has
a public policy of encouraging the peaceful resolution of disputes, particularly those involving the
parent-child relationship, and the early settlement of pending litigation through voluntary settlement
procedures. Tex. Civ. Prac. & Rem. Code Ann. § 154.002 (Vernon 1997). However, the unique
circumstances involving conservatorship, visitation, and support of a child also call for quick
resolution of these disputes. See Proffer v. Yates, 734 S.W.2d 671, 673 (Tex. 1987) ("Justice
demands a speedy resolution of child custody and child support issues."). Section 153.0071 serves
the first goal of peaceful resolution by providing procedures for alternate dispute resolution.
However, because section 153.0071 is silent on the options available to a court when an arbitrator's
award is vacated, the second goal of a speedy resolution is not served, as is clear in this case.
Nevertheless, until the Legislature amends the Family Code provisions on arbitration, we are bound
by section 153.0071's silence, this court's decision in Koch, and the provisions of the TAA.

 Accordingly, the trial court did not have discretion to rule on a claim or controversy that the
parties agreed to submit to binding arbitration. See Koch, 27 S.W.3d at 97 (holding that because
TAA is silent on whether section 171.089(b) includes right to order parties to trial when the
arbitration is vacated, explicit language of statute should be followed). Because the trial court was
limited to rendering an order reflecting the award or referring the matter back to arbitration for a
rehearing, the trial court erred when it ruled on Stieren's motion to modify. Id. Having vacated the
arbitrator's award, the trial court had no other authority but to refer Stieren's motion to modify back
to binding arbitration pursuant to the parties' agreement.

CONCLUSION

 We affirm that portion of the trial court's judgment vacating the arbitrator's award. We
reverse the judgment in all other respects and remand the case to the trial court for further
proceedings consistent with this opinion.

 Sandee Bryan Marion, Justice

PUBLISH


 

 

1. Because we resolve this issue under the Family Code, we need not reach the issue of whether the court erred
in vacating the arbitrator's award pursuant to the TAA. Accordingly, we do not address whether the arbitrator
correctly determined that the terms of the divorce decree regarding child support were not enforceable as a contract.