NO. 07-03-0382-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 12, 2005



______________________________



IN THE MATTER OF THE MARRIAGE OF


LISA ANN RUNBERG AND DOAK TIM RUNBERG


AND IN THE INTEREST OF S.F.R., M.D.R., J.L.R., 


J.G.R. AND Z.G.R., CHILDREN


_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 52,652-A; HONORABLE RICHARD DAMBOLD, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

OPINION


 Doak Tim Runberg challenges a default judgment of divorce. He contends that the
trial court abused its discretion in overruling his motion for new trial because he had
appeared in the case, but was given no notice of the setting for final hearing. We reverse
and remand.



BACKGROUND On March 20, 2003, Lisa Ann Runberg filed suit in the 47th District Court of Randall
County for divorce from appellant Doak Tim Runberg. On March 22nd, Doak was served
with citation and with a temporary restraining order which had been granted by a visiting
judge. The restraining order, among other matters, commanded Doak to appear before
Judge James W. Anderson on March 26th, to show cause why temporary relief should not
be granted. Judge Anderson was sitting for the regular judge of the 47th District Court. 

 Lisa, her attorney, and Doak, acting pro se, were in court before Judge Anderson
on March 26th. The temporary orders signed by Judge Anderson following the hearing
recited that (1) Doak appeared in person and announced ready, (2) "[t]he parties have
agreed to the terms of this order," and (3) the Court examined the record, the agreement
of the parties and heard evidence. The thirty-page written order delineated (1) rights and
duties of Lisa and Doak as conservators of the children of the marriage; (2) provisions for
visitation with their children; (3) Doak's obligations to pay child support of $2,500 per
month, provide insurance and health care for the children, pay spousal support of $500 per
month, prepare and file income tax returns, timely pay specified debts; and (4) the date by
which Doak had to move out of the home of the parties. The orders contained three and
one-half pages of detailed injunctive provisions directed to Doak and a statement that Lisa
and Doak waived issuance and service of the writ of injunction by stipulation. 

 As of May 22, 2003, the clerk's record reflected no further proceedings in the suit. 
Doak's appearance day had passed and he had not filed an answer. See Tex. R. Civ. P.
237. (1) Without notice to Doak, a final hearing on Lisa's petition for divorce was held on May
22nd and a default decree of divorce was signed that day. See TRCP 239.

 Doak filed a written answer on June 6th. On June 20th, he filed a pleading entitled
Respondent's Motion for New Trial and Motion to Vacate All Court Judgments and Orders
From and After May 22, 2003. Several documents were attached to the pleading, including
an affidavit by Doak in which he denied any prior notice of the final hearing. The affidavit
did not (1) offer a reason for Doak's failure to file an answer to the suit before the default
judgment was granted, (2) urge any manner of defense to the suit, or (3) offer any method
of preventing harm to Lisa if a new trial were to be granted. Also attached to Doak's
pleading were a copy of a letter dated May 13, 2003 from Doak's attorney to Lisa's attorney
indicating that Doak had retained counsel, and a statement of facts from the final hearing. 
The statement of facts from the May 22nd final hearing contained testimony by Lisa in
which she asked the judge to set child support at $2,500 per month, which was the same
amount of support set to be paid as temporary child support ". . . after a hearing in which
Mr. Runberg appeared." Lisa did not file a response to Doak's pleading.

 By order dated June 26, 2003, the regular judge of the 47th District Court denied
Doak's motion for new trial without a hearing. A hearing on Doak's Motion to Vacate the
Court's Judgments and Orders after May 22, 2003, was held on July 16th. That motion
was denied, but Doak makes no complaint about the ruling, and we will not address that
ruling. (2) 

 By one issue, Doak asserts that the trial court abused its discretion in failing to grant
his motion for a new trial. (3) Citing LBL Oil Co. v. International Power Servs., Inc., 777
S.W.2d 390 (Tex. 1989), Doak maintains that, because he had "appeared" in the case, his
due process rights under the Fourteenth Amendment to the United States Constitution
were violated when the default judgment hearing was held without notice to him and he was
entitled to have the default decree set aside. He references Bryant v. Gamblin, 829 S.W.2d
228 (Tex.App.-Eastland 1991, writ denied) as authority for the position that, under the
circumstances, his motion for new trial did not need to comply with the mandates of
Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (1939). In the
alternative, he asserts that if Craddock applies, he was required to show only that his failure
to appear at the final hearing was not intentional or the result of conscious indifference. He
cites Lopez v. Lopez, 757 S.W.2d 721 (Tex. 1988) and In re Marriage of Parker, 20 S.W.3d
812 (Tex.App.-Texarkana 2000, no pet.) as support for his alternative position. 

 Lisa disagrees, presenting three arguments. First, she references Brown v. Brown,
521 S.W.2d 730 (Tex.App.-Houston [14th Dist.] 1975, no writ), as support for the trial
court's granting of judgment and denial of new trial. Next, she argues that Doak had not
"appeared" in the suit and his due process rights under the Fourteenth Amendment were
not violated. Finally, she maintains that the trial court did not err in denying a new trial
because Doak failed to support his motion for new trial with evidence fulfilling requirements
set out by Craddock. 

STANDARD OF REVIEW

 The trial court's denial of a motion for new trial is reviewed for abuse of discretion. 
Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). A trial court abuses its discretion if
its decision is arbitrary, unreasonable, and without reference to guiding rules and principles. 
See Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997). Likewise, a trial court abuses
its discretion if it declines to exercise a power of discretion vested in it by law when the
circumstances require that the power be exercised; or if it arrives at its choice in violation
of an applicable legal rule, principle, or criterion. See Koch v. Koch, 27 S.W.3d 93, 95
(Tex.App.-San Antonio 2000, no pet.); Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d
931, 939-40 (Tex.App.-Austin 1987, no writ). 

 A trial court does not abuse its discretion in denying a motion for new trial when the
granting of a new trial is dependent on questions of fact to be decided by the trial court,
unless the evidence presented conclusively establishes factual bases mandating the
granting of a new trial. See Golden Eagle Archery, Inc. v. Jackson, 24 S.W.3d 362, 372
(Tex. 2000). 

ANALYSIS In LBL Oil Co, 777 S.W.2d 390, the defendant filed a written motion to dismiss for
lack of personal jurisdiction. The motion to dismiss was denied. A written answer was not
filed and default judgment was taken without notice to the defendant. The defendant
appealed by writ of error. In reversing the default judgment, the Texas Supreme Court said
simply that once a defendant has made an appearance in a cause, the defendant is entitled
to notice of a trial setting as a matter of due process under the Fourteenth Amendment. 
Id. at 390-91. The Supreme Court did not consider the defendant's written challenge to the
trial court's jurisdiction to be a written answer within the contemplation of the rules of civil
procedure, see TRCP 46 (every petition and answer shall be contained in one instrument
of writing) and TRCP 85 (original answer may consist of pleas to the jurisdiction or other
dilatory pleas), because the Court specifically referred to the appeal as involving "a post-appearance default judgment case," as opposed to a post-answer default judgment case. 
See LBL Oil Co., 777 S.W.2d at 390.

 Lisa contends that we should not follow LBL Oil Co., but, rather, follow Brown,
521S.W.2d 730. In Brown, the respondent husband was served with citation and appeared
with counsel at a show-cause hearing, although he did not file any written document which
could be considered as a pleading. Judgment of divorce was subsequently entered without
notice to the husband, and husband appealed. The court of appeals held that even though
the husband appeared in the suit, absent a written pleading, the case was uncontested and
advance notice of the final hearing was not required by the rules of civil procedure or the
local trial court rules. Id. at 732. The appellant in Brown, however, did not contend that his
due process rights were violated, as Doak contends in the matter before us. Brown is
inapposite.

 Next, we consider whether Doak made an "appearance" in the divorce suit when he
attended the hearing before Judge Anderson on March 26, 2003. In doing so, we note that
if no written answer has been filed in the lawsuit, whether a party has "appeared" depends
on the nature and quality of the party's activities in the case. See Bradford v. Bradford, 971
S.W.2d 595, 597 (Tex.App.-Dallas 1998, no pet.). The nature and quality of activities to
be considered encompass the filing of written documents, see LBL Oil Co., 777 S.W.2d at
390, and personal activity. See Bradford, 971 S.W.2d at 598; Smith v. Amarillo Hosp. Dist.,
672 S.W.2d 615, 617 (Tex.App.-Amarillo 1984, no writ). 

 Doak's affidavit, which was attached to his motion for new trial, did not address his
appearance at or the degree of his participation in the March 26th hearing on temporary
orders. However, the temporary orders and Lisa's testimony at the default hearing, which
were before the trial court at the time Doak's uncontested motion for new trial was denied,
showed that Doak attended court, announced "ready" at the March 26th hearing, and
entered into an extensive agreement as to temporary orders governing conservatorship of
children of the marriage, property of the marriage, child and spousal support he would pay,
and allocation of responsibility for debts. He waived, by stipulation, service of the agreed-upon temporary injunction which limited certain of his activities, including his ability to deal
with property, money, financial matters and credit cards, until entry of the final decree of
divorce or further orders of the court. The docket sheet notation indicated that agreed
temporary orders were announced and acknowledged by the parties and were adopted by
the Court as temporary orders. (4) 

 Doak's actions during his attendance at the March 26th hearing were of a different
nature and quality than those actions which we held did not comprise an appearance by
the appellant in Smith. See Smith, 672 S.W.2d 615. In Smith, the appellant had not been
served with the live pleading on which the trial was being held nor did the appellant 
announce "ready." Further, the appellant in Smith did not enter into an extensive
agreement concerning the subject matter of the suit, which agreement was then
incorporated into a court order.

 Doak's participation was more of the nature and quality of participation by the
appellant in Bradford, 971 S.W.2d 595. In Bradford, the appellant appeared at two
hearings, announced "ready," and testified at one of the hearings. The appellant's actions
in Bradford were determined to have been an appearance such that the trial court's failure
to set aside the default judgment taken without notice was an abuse of discretion. Id. at
598. 

 At the time the trial court denied Doak's motion for new trial, the evidence before the
court showed that Doak did not simply attend court before Judge Anderson, as he was
directed to do by the show-cause order, then merely observe the proceedings. See Smith,
672 S.W.2d at 617. The evidence reflected that Doak announced that he was ready for the
hearing and participated in the proceeding by cooperating in submitting an agreement to
the court which governed the rights and obligations of the parties, their children and their
property, subject to further orders of the court. He agreed to subject himself to a detailed
court order - the injunction - which restricted his personal freedom and ability to deal with
his property and finances. On the other hand, there was no evidence before the trial court
at the time the motion for new trial was denied which would have supported a finding that
Doak was only a passive observer of the proceedings. Doak's actions at the March 26,
2003 hearing were of such nature and quality as to comprise an appearance in the suit as
a matter of law, see Golden Eagle Archery, Inc., 24 S.W.3d at 372, and his due process
right to notice of the final hearing attached. See LBL Oil Co., 777 S.W.2d at 390-91. 

 Finally, we address whether Doak was required to fulfill the mandates of Craddock
in order to have the default judgment set aside. Craddock sets out the rule applicable to
motions for new trial seeking to set aside default judgments entered for failure to file an
answer as well as for post-answer defaults. See Ivy v. Carrell, 407 S.W.2d 212, 213 (Tex.
1966); Craddock, 133 S.W.2d at 126. Craddock revised the guiding rule or principle for trial
courts to follow in exercising equitable discretion to grant or deny new trials following entry
of default judgments: 

 Some lack of uniformity [in trial court rulings granting or denying new trials]
still exists. This is probably due, in part at least, to the fact that the question
is controlled by principles of equity. . . . While trial courts have some
measure of discretion in the matter, as, in truth, they have in all cases
governed by equitable principles, it is not an unbridled discretion to decide
cases as they might deem proper, without reference to any guiding rule or
principle. Trial judges desire and are entitled to have a principle or rule to
guide them, and we, therefore, reannounce, in slightly changed language the
rule established by the above authorities, as follows: A default judgment
should be set aside and a new trial ordered in any case in which the failure
of the defendant to answer before judgment was not intentional, or the result
of conscious indifference on his part, but was due to a mistake or an
accident; provided the motion for a new trial sets up a meritorious defense
and is filed at a time when the granting thereof will occasion no delay or
otherwise work an injury to the plaintiff. This is a just rule. It prevents an
injustice to the defendant without working an injustice on the plaintiff. Such
a rule has the sanction of equity.


Craddock, 133 S.W.2d at 126 (emphasis added). 

 The Texas Supreme Court has maintained that the law in regard to granting new
trials after default judgment is set out in Craddock. See Strackbein, 671 S.W.2d at 39. (5) 
But, the Supreme Court has also held that all three prongs of Craddock are not always
applicable. In Lopez, the Supreme Court held that if a defendant did not receive actual or
constructive notice of trial, due process prevented application of the second prong of the
Craddock test. See Lopez, 757 S.W.2d at 723 (citing Peralta v. Heights Med. Ctr., Inc.,
485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988)). Appellate courts have dealt with
Craddock's applicability in different ways when notice was at issue. See In re Marriage of
Parker, 20 S.W.3d at 817; Bryant, 829 S.W.2d 228. 

 As noted above, all three Craddock elements are based in equity. The purpose of
the third element of Craddock is to prevent injustice by protecting a party who takes a
default judgment from undue delay or other detriment, such as a loss of witnesses or other
valuable evidence, that would disadvantage the judgment-holder in presenting the merits
of the case at a new trial. See Director, State Employees Workers' Comp. Div. v. Evans,
889 S.W.2d 266, 270 (Tex. 1994). 

 If the second prong of Craddock's equitable rule yields to Constitutional due process
rights of the party who suffered a no-notice judgment, which it does, see Lopez, 757
S.W.2d at 723, we fail to see why Craddock's third prong should not also yield. We
conclude that it should, and that equitable protection of the judgment-holding party, which
is the subject of Craddock's third prong, does not override the due process right of a
defendant to proper notice of the dispositive final divorce hearing. See Peralta, 485 U.S.
at 86-7; Lopez, 757 S.W.2d at 723; In re Marriage of Parker, 20 S.W.3d at 817-18. It
follows that insofar as Doak is concerned, the holding of Lopez applies to both the second
and third prongs of Craddock. That is, the violation of Doak's due process right to actual
or constructive notice of the final hearing means that Doak's motion for new trial and
attached affidavits need not have either set up a meritorious defense or addressed the
avoidance of injury or delay to Lisa by the granting of a new trial. 

 Given the record before us, we need not decide whether Lopez also extends to the
first prong of Craddock. If Peralta and Lopez apply to vitiate the first Craddock prong under
this record, then the trial court abused its discretion in failing to grant a new trial because
the final decree was entered in violation of Doak's due process rights. See Goode, 943
S.W.2d at 446; Koch, 27 S.W.3d at 95. If Peralta and Lopez do not apply to vitiate the first
Craddock prong, then the trial court abused its discretion in failing to grant a new trial
because Doak's failure to attend the final hearing could not have been intentional or the
result of conscious indifference when, according to his uncontested affidavit, he did not
have notice. See In re Marriage of Parker, 20 S.W.3d at 817. Accordingly, the result is the
same regardless of whether the first prong of Craddock is abrogated by Peralta and Lopez:
the trial court abused its discretion in failing to set the default judgment aside and grant a
new trial. See Peralta, 485 U.S. at 86-7. 

 Doak's issue is sustained. 

 The judgment of divorce is reversed and the cause is remanded for a new trial. 




 Phil Johnson

 Chief Justice



Reavis, J., dissenting.

 

 

 


NO. 07-03-0382-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 12, 2005



______________________________




IN THE MATTER OF THE MARRIAGE OF


LISA ANN RUNBERG AND DOAK TIM RUNBERG


AND IN THE INTEREST OF


S.F.R, M.D.R, J.L.R., J.G.R., AND Z.G.R., CHILDREN



_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 52,652-A; HONORABLE RICHARD DAMBOLD, JUDGE



_______________________________




Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.



DISSENTING OPINION




 I respectfully dissent from the majority that a reversal of the judgment is required by
the decision in LBL Oil Company v. International Power Services, 777 S.W.2d 390 (Tex.
1989).

 The decision in LBL cannot be disassociated from or taken out of context of its facts. 
See W.D. Haden Co. v. Dodgen, 158 Tex. 74, 308 S.W.2d 838, 840 (1958). In Lester v.
First American Bank, 866 S.W.2d 361, 363 (Tex.App.--Waco 1993, writ denied), noting
that the decision in a prior case only applies if the facts of the prior case are substantially
the same as those under review, the court concluded that the binding effect of a prior
decision cannot be determined without reference to its important facts. Stare decisis
applies when the facts of a prior case are substantially the same as the case under
consideration. See Edwards v. Kaye, 9 S.W.3d 310, 313 (Tex.App.--Houston [14th Dist.]
1999, pet. denied). 

 Moreover, "due process of law" is not a technical concept having a fixed content
unrelated to time, place, and circumstances; rather, the term implies fundamental fairness
in the context of the particular case. See Southwest Prof. Indem. v. Dept. of Ins., 914
S.W.2d 256, 267 (Tex.App.--Austin 1996, writ denied). Further, due process does not
guarantee Doak any particular form of state procedure and is satisfied if he had notice of
the suit and a reasonable opportunity to be heard. Dohany v. Rogers, 281 U.S. 362, 50
S.Ct. 299, 74 L.Ed. 904 (1930). Because the question of due process is fact intensive, we
need to compare the facts in LBL with the facts presented here to also determine whether
Doak was not given a reasonable opportunity to be heard on the merits of his case. See
Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983). 

 Our review of the facts is limited to such history as is reflected by the opinion of the
Texas Supreme Court. In LBL, a Texas plaintiff sued a Texas corporation allegedly doing
business as LBL Gas Systems on a sworn account and obtained service on the registered
agent. 770 S.W.2d at 390. Although he was never served with citation, R. H. Lindley, a
citizen of Oklahoma, filed a pro se motion to dismiss the suit alleging he was the sole owner
of the unincorporated business LBL Oil Company, it was an "Oklahoma 'dba,'" and there
was no jurisdiction over him because there had been no service. Id. After the trial court
overruled Lindley's motion upon notice to him, without any amendment of plaintiff's
pleadings or further notice, the trial court rendered a default judgment. (6) Id. Upon
consideration of Lindley's writ of error, the Court held that because the record established
Lindley had no actual or constructive notice of the default hearing, he had been denied due
process of law. Id. at 391.

 Unlike Lindley, Doak, a Texas resident, was personally served which expressly gave
him notice that if he did not file a written answer with the clerk on the Monday next following
the expiration of twenty days after service of citation, a "default judgment may be taken
against [him]." In addition to the requirements of Rule 99, the citation further notified Doak:

 The Court has authority in this suit to enter any judgment or decree
dissolving the marriage and providing for the division of property which will
be binding on you.

 The Court has authority in this suit to enter any judgment or decree in the
child/children's interest which will be binding upon you, including the
termination of the parent-child relationship, the determination of paternity,
and the appointment of a conservator with authority to consent to the
child/children's adoption.


Neither Doak nor his retained attorney filed a written answer or any other pleading, and
such failure to answer constituted an admission of the allegations in Lisa's petition. Stoner
v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979); see also Harmon v. Harmon, 879 S.W.2d
213, 217 (Tex.App.--Houston [14th Dist.] 1994, writ denied). (7) Had Doak or his attorney filed
an answer, per Rule 245, he would have been given "reasonable notice" of the trial setting,
not less than 45 days. (8) 

 Doak does not contend that the applicable Texas Rules of Civil Procedure are
unconstitutional or deficient or that his failure to file an answer was not the result of an
absence of diligence on his part. Unlike Lindley, who was never notified of the
consequences of not filing a written answer, Doak's lack of notice of the default hearing
was the product of his or his counsel's failure to timely file an answer, and his counsel's
failure to timely file an answer is imputed to Doak. See Dow Chemical Co. v. Benton, 163 
Tex. 477, 357 S.W.2d 565, 567 (Tex. 1962); Texas Employers Insurance Ass'n v.
Wermske, 162 Tex. 540, 349 S.W.2d 90, 94 (1961). Accordingly, I would hold that LBL is
not controlling and that Doak was given a reasonable opportunity to be heard on the merits
of his case. 


No Reversible Error


 Moreover, before we may reverse a judgment and order a new trial we must find that
the error complained of amounted to such a denial of Doak's rights as was reasonably
calculated to cause and probably did cause the rendition of an improper judgment or
prevented Doak from presenting the case on appeal. Tex. R. App. P. 44.1. Further, if the
error affects only part, but not all of the case, a judgment may be reversed only as to the
part affected by the error. See Tex. R. App. P. 44.1(b); see also Tex. R. App. P. 61.

 The harmless error doctrine is well established in Texas. In Walker v. Texas
Employers' Insurance Association, 155 Tex. 617, 291 S.W.2d 298, 301 (1956), the Court
held that the rule of presumed prejudice no longer applies in Texas. After that decision, in
Dennis v. Hulse, 362 S.W.2d 308, 309 (Tex. 1962), the Court held that an appellant must
also show the error probably did cause the rendition of an improper judgment. Later, in
Lorusso v. Members Mut. Ins. Co., 603 S.W.2d 818, 820 (Tex. 1980), the Court held that
the harmless error rule "applies to all errors in that it draws no distinction as to the type of
errors involved in its requirement for reversal." Also, we recently held that demonstrating
harm is "of import since the burden lay on [appellant] to establish on appeal that the
purported error caused the rendition of an improper judgment." In re Marriage of Scott, 117
S.W.3d 580, 584 (Tex.App.-Amarillo 2003, no pet.). (9)

 Doak contends that because he made an appearance in the case, he was entitled
to notice of the trial setting and the trial court failed to comply with the rules of notice. (10) 
Although he had the burden to demonstrate the alleged error probably caused the rendition
of an improper judgment or prevented him from presenting his case here, Doak does not
address Rule 44.1 nor present a contention, argument, or analysis demonstrating that the
error was reversible. Considering that Doak's failure to file an answer constituted his
admission of the allegations in Lisa's petition and because Doak did not carry his burden
to demonstrate that the alleged error probably resulted in an improper judgment, we may
not reverse the judgment because the error is not reversible per Rule 44.

 For the reasons stated herein, I would affirm the judgment of the trial court. 


 Don H. Reavis

 Justice


 

 

 
1. Further reference to a rule of civil procedure will be by reference to "TRCP_."
2. - - 
 
3. ' 
 
 
 
 
 - 
4. ' 
 ' 
 ' 
5. 
 
 
 
 
 
6. We are unable to determine if judgment was rendered against Lindley, individually,
or against the corporation, or both. 
7. The rules of procedure apply to pro se parties as well as attorneys. Mansfield State
Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978).
8. See generally Rolon v. Rolon, 907 S.W.2d 670, 671 (Tex.App.--Beaumont 1995,
no writ) (holding the trial court erred in allowing the trial to proceed when counsel had not
been given notice as required by Rule 245). 
9. See also Knight v. Hicks, 505 S.W.2d 638, 644 (Tex.Civ.App.-Amarillo 1974, writ
ref'd n.r.e.); Whitfield v. Shames, 484 S.W.2d 615, 616 (Tex.Civ.App.-Amarillo 1972, writ
ref'd n.r.e.); Traders & General Ins. Co. v Randolph, 467 S.W.2d 689, 690
(Tex.Civ.App.-Amarillo 1971 writ dismissed); Gulf Ins. Co. v. Ball, 324 S.W.2d 605, 609
(Tex.Civ.App.-Amarillo 1959 writ ref'd n.r.e.); Ratliff v. Clift, 312 S.W.2d 315, 320
(Tex.Civ.App.-Amarillo 1958 writ ref'd n.r.e.); see also In re B.S.W., 87 S.W.3d 766, 768
(Tex.App.-Texarkana 2002, pet. denied); Hooper v. Sanford, 968 S.W.2d 392, 394
(Tex.App.-Tyler 1997, no pet.); Owens-Corning Fiberglas Corp. v. Malone, 916 S.W.2d
551, 570 (Tex.App.-Houston [1st Dist.] 1996), aff'd, 972 S.W.2d 35 (Tex.1998); Sullivan
v. Bickel & Brewer, 943 S.W.2d 477, 484 (Tex.App.-Dallas 1995, writ denied); Cain v. Cain,
870 S.W.2d 676, 681 (Tex.App.-Houston [1st Dist.] 1994, writ denied).
10. Doak's notice of appeal was directed to the judgment taken on May 22, 2003, and
not the denial of his motion for new trial.