**Homer Ray WHITFIELD and Gary D. Carthel, Appellants,**

v.

**Michael SHAMES, Appellees.**

No. 8231.

Court of Civil Appeals of Texas, Amarillo.

June 26, 1972.

Rehearing Denied July 24, 1972.

Second Motion for Rehearing Denied Aug. 28, 1972.

Sheehan & Dubuque, Inc., Louis T. Dubuque, Dumas, for appellants.

Ochsner, Nobles & Baughman, Harold W. Ochsner, Amarillo, for appellees.

JOY, Justice.

From a judgment for plaintiff for damages sustained as a result of a rear-end collision, the defendants have taken this appeal. Affirmed.

Appellee Shames was engaged in the business of operating dog sleds whereby appellee promoted the business of contract-

ing merchants by taking prospective customers and/or their children for dog sled rides and was paid by the merchants. Appellee transported some 24 Siberian Huskey dogs and 2 dog sleds in a trailer towed behind a pickup truck and while appellee was stopped for a red light in the city of Dumas, Texas, on January 30, 1969, appellant Whitfield, driving a semi-trailer truck, struck the rear end of appellee's trailer causing injury to certain of the dogs and damaging the trailer. Although Whitfield testified that the light was on caution and he first thought appellee was going on through the intersection, but that appellee changed his mind and stopped, other disinterested witnesses testified that Shames was stopped for the red light when struck by the truck driven by Whitfield.

The appellants assert as error the admission into evidence by the trial court of a letter from the Tom Thumb Corporation, a grocery chain corporation, in relation to negotiations by Shames to operate the dog sleds at some 35 stores owned and operated by the corporation. The letter did not constitute a contract but merely advised Shames that he would have to see the advertising man for the chain store no later than February 10 (1969), and that the 35 stores were available in March. We agree that the letter constitutes hearsay as to the appellants; however, the burden is upon appellants to show error that was calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure. This we do not think the appellants have accomplished upon our review of the entire record in the case, since other evidence on the same subject matter was admitted without objection. Shames testified that his earnings were $300.00 for 4 hours of dog sled operations at a store location plus payment for mileage. Shames further testified that but for the accident he could have operated the business an additional period of February, March, and April of 1969, and that during a normal season he averaged 60 to 65 appearances and grossed

in the neighborhood of $18,000.00 on each dog team. The jury awarded Shames $4,000.00 as loss of earnings for the remaining 3 months of the season. From the testimony the jury could have arrived at a much higher loss of earnings and had the jury considered the letter to the exclusion of all other evidence, a figure of at least $10,500.00 would not have been inappropriate. Therefore, considering the entire record, we do not find that the hearsay evidence admitted over objection by appellants caused the rendition of an improper judgment.

Next, appellants complain by two points of error of the submission of special issue no. 9 by the trial court on the grounds of no evidence and insufficient evidence to support appellee's claim of loss of earnings. The appellants did not object to the court's charge and specifically the submission of special issue no. 9 prior to its submission to the jury, but objected for the first time in their motion for new trial. Having failed to timely object, the appellants have waived their objections thereto. Rule 272, T.R.C.P.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

Appellants strongly urge in their motion for rehearing that we erred in overruling their points of error of no evidence and insufficient evidence with reference to the submission of special issue No. 9. In treating appellants' two points as they urge us to do on the motion for rehearing as objections to the answer to special issue No. 9 and without burdening this opinion with further quotes of evidence, we find in viewing only that evidence favorable to the answer that there is some evidence upon which the jury could base its answer. Further, in reviewing all of the evidence as we are required to do, we find a sufficiency thereof.

Appellants' motion for rehearing is overruled.