**Robert Dwayne BROWN, Appellant,**

**v.**

**Lisa McArdle BROWN, Appellee.**

**No. 1138.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 9, 1975.

Walter B. Wright, Houston, for appellant.

B. Edward Williamson, Prappas, Caldwell & Moncure, Andrew C. Brown, Houston, for appellee.

CURTISS BROWN, Justice.

This is a divorce case.

Lisa McArdle Brown (appellee) filed suit for divorce on June 20, 1974. Robert Dwayne Brown (appellant) was served with citation on or about September 3, 1974. Prior to the answer date, a show cause hearing for temporary relief was held. Both parties appeared at that hearing in person and by counsel. At that hearing, an attorney ad litem for a minor child was appointed and an investigation by the Harris County Child Welfare Department was ordered. Prior to the completion of that report, appellee filed a first amended original petition and was granted judgment. This pleading and the judgment occurred on October 16, 1974. The judgment provided that appellant was to be the managing conservator; appellee was to be the possessory conservator; and appellant was to pay $35 per week as child support. Robert D. Brown then perfected this appeal. We affirm.

■ Appellant first argues that the judgment on the amended petition was improper as he was not served with additional citation nor given notice of the time for the hearing on the merits. Appellant was served with a copy of the original petition. The necessity for new citation arises only where the plaintiff changes the nature of his cause of action. Sanchez v. Texas Industries, Inc., 485 S.W.2d 385 (Tex.Civ. App.—Waco 1972, writ ref'd n. r. e.); Nuckles v. J. M. Radford Grocery Co., 72 S.W.2d 652 (Tex.Civ.App.—Eastland 1934, no writ). Here, the only difference between the two petitions was to change the address of the parties and the minor child; a declaration that no other court has continuing jurisdiction over this cause; and the addition of a sworn verification by appellee. These changes in no way altered the cause of action or led to a lack of notice of the nature of the claim or the grounds relied upon. There was no change in the prayer for relief. *See also,* Griswold v. Carlson, 245 S.W.2d 278 (Tex.Civ.App.—Fort Worth 1951), rev'd on other grounds, 151 Tex. 246, 249 S.W. 2d 58 (1952). Therefore, the lack of additional service of process did not make the judgment improper.

The original process contained the customary warning that failure to appear by filing a written answer by appearance day may subject the recipient of the citation to an adverse judgment. Texas Rules of Civil Procedure, rule 538. In the case at bar, there is no contention that the divorce failed to comply with Vernon's Tex.Family Code Ann. § 3.60(1975).

■ Appellant has raised the contention that it was in fact a contested case and that he was, therefore, entitled to notice of the date of the hearing. Appellant made an appearance before the Court of Domestic Relations with regard to the question of appointment of an attorney ad litem and the ordering of a social study. The docket sheet of the court contains the notation: "—Resp. contest litg. of child—". This is interpreted to mean respondent contests the legitimacy of the child. Appellant's attorney approved the order regarding the attorney ad litem and social study as to form. The question is whether this is an answer such that it makes this a contested case. We agree that rules of pleading and practice need not be strictly followed in cases affecting the parent-child relationship. The best interests of the child are paramount. Ziebarth v. Lee and Beulah Moor Children's Home, 431 S.W.2d 798 (Tex.Civ.App.—El Paso 1968, no writ); *See also,* Tex.Family Code Ann. § 14.07 (1975). However, there is a distinction between an appearance and an answer. Allright, Inc. v. Roper, 478 S.W.2d 245 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ dism'd). While an answer is an appearance, (Tex.R.Civ.P. 121) the reverse is not necessarily true. The appellant appeared at the ancillary proceeding and apparently orally informed the court of his intention to contest. There was no written instrument, filed with the clerk that could even arguably be construed as a pleading. Tex.R.Civ.P. 45. As there was no pleading by appellant, this was an uncontested case. As such, notice in advance of the hearing on the evidence was not required either by the Texas Rules of Civil Procedure or the Local Rules of the Harris County Courts of Domestic Relations.

■ Appellant next argues the impropriety of setting aside the order for investigation by the Harris County Child Welfare Department without notice to the appellant or the Welfare Department and without a hearing before such action was taken. First, the order spoken of was a preliminary action of the trial court. As there was no motion for new trial filed, such motion would ordinarily not be properly raised. Tex.R.Civ.P. 324, 325. Further, in the custody phase of a divorce, it is the rights of the child or children and not the parents which are paramount. *See* Erwin v. Erwin, 505 S.W.2d 370 (Tex. Civ.App.—Houston [14th Dist.] 1974, no writ); *see* Tex.Family Code Ann. § 14.07 (1975). The trial court here had the dis-

cretion to order the report. Tex.Family Code Ann. § 11.12(a) (1975). He likewise had the discretion to proceed despite the ordered study if he felt that was in the best interest of the child. Here, neither the parents nor the Welfare Department have any cognizable rights in the *report* entitling them to notice or a hearing. This does not mean that where the social agency has failed to produce a report which has been ordered, that the parties might not seek enforcement of the mandatory duty of that agency under the statute. The provisions of Tex.Family Code Ann. § 11.14(d) is not in conflict with this holding. This section is intended to provide the means by which the report is presented to the court. Where, as here, the court decides that a report is not necessary, it is no longer a suit in which the study is "ordered". There is no statement of facts in the record nor was any requested. The judgment recites that there was full and satisfactory evidence. Appellant has failed to show an abuse of discretion in proceeding to trial despite the previous order for the study.

In view of our holdings above, appellant has shown no error and the case is affirmed.

Affirmed.