

# The Attorney General of Texas

December 22, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James S. McGrath
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas    77704

Opinion No.   MW-523

Re:  The special fund established
by    section    54.061(c)   of   the
Family Code

Dear Mr. McGrath:

You have asked two questions dealing with the special fund established by section 54.061 of the Family Code which reads:

> (a)  If a child is placed on probation under Section 54.04(d)(1) of this code, the juvenile court, after giving the child, parent, or other person responsible for the child's support a reasonable opportunity to be heard, may order the child, parent, or other person, if financially able to do so, to pay to the court a fee of not more than $15 a month during the period that the child continues on probation.

> (b)  Orders for the payment of fees under this section may be enforced as provided by Section 54.07 of this code.

> (c)  The court shall deposit the fees received under this section in the county treasury to the credit of a special fund that may be used only for juvenile probation or community-based juvenile corrections services or facilities in which a juvenile may be required to live while under court supervision.  (Emphasis added).

Your questions are:

> 1.  Can the county place the funds paid to it by the Texas Youth Council pursuant to section 61.083 of the Human Resources Code in the special fund?

> 2.  Can the county place the funds paid to it as an adoption investigation fee in the special fund?

p. 1895

Section 54.061 limits the use to which the special fund created can be put, but it does not restrict the sources from which the fund may be augmented. It merely directs that certain receipts be credited to that fund and no other.

Section 61.083 of the Human Resources Code authorizes contracts between the Texas Youth Council and the various counties of the state. The council may thereby obtain the services of the county's juvenile probation department for the supervision of children on furlough from a council facility. See V.T.C.S. arts. 5138d, 5142b. The statute restricts the amount that may be paid to a county therefor, but it does not restrict the use of the money after it is paid to the county. We have found nothing in the law that would prevent a solvent county from depositing into the special section 54.061 fund the moneys received from the council. Cf. V.T.C.S. arts. 1630, 1709a.

Similarly, we find nothing to prohibit the county from depositing in the special fund the money it might be allowed by a court as fees for the conduct of adoption investigation social studies pursuant to sections 11.12 and 16.031 of the Family Code. Section 16.031 requires the court in a suit affecting the parent-child relationship to order the making of a social study as provided in section 11.12.

The latter section permits the study to be made by "any person appointed by the court." In our opinion "any person" includes an agency of a county. See Code Construction Act, V.T.C.S. art. 5429b-2; Family Code §11.01(7); Brown v. Brown, 521 S.W.2d 730 (Tex. Civ. App. - Houston [14th Dist.] 1975, no writ). It was determined in Attorney General Opinion H-362 (1974) that the court is authorized to impose the cost of the study as court costs.

### S U M M A R Y

Jefferson County may place in the special fund established by section 54.061 of the Family Code the funds it receives from the Texas Youth Council pursuant to section 61.083 of the Human Resources Code, and those it receives for conducting social studies pursuant to section 16.031 of the Family Code.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Steve Martin
Jim Moellinger
Bruce Youngblood