**Jack BRYANT, Appellant,**

v.

**Charlie V. GAMBLIN, Appellee.**

**No. 11–90–215–CV.**

Court of Appeals of Texas,
Eastland.

Oct. 10, 1991.

Rehearing Denied October 31, 1991.

Kelly Gill, McMahon, Surovik, Suttle, Buhrmann, Cobb & Hicks, Abilene, for appellant.

Charlie V. Gamblin, Brownwood, for appellee.

### OPINION

DICKENSON, Justice.

The defendant appeals a post-appearance, no-answer default judgment for unliquidated damages which was rendered without notice of the hearing. We reverse and remand.

### Background Facts

Jack Bryant and Charlie V. Gamblin are both lawyers who represented themselves

in the trial court. On February 20, 1990, Gamblin sued Bryant and two of Bryant's clients, seeking actual damages which "exceed the jurisdictional limits" of the court and $1,000,000 exemplary damages. Gamblin alleged that Bryant conspired with the other two defendants to commit fraud against him "by filing false, frivolous, and vexatious litigation ... to defeat the Plaintiff's valid lien" on property owned by Bryant's clients.

On March 9, Gamblin moved for sanctions because Bryant and his clients did not appear for depositions which were noticed prior to the service of citation on any of the defendants.

On March 23, Bryant filed a response to the motion for sanctions, and he also filed a motion for continuance as to the sanctions hearing. Bryant was served with citation on March 9, but he failed to file an answer until May 4.

The trial court signed an order on March 23 granting Bryant's motion for continuance on the sanctions hearing and also ordering:

> [T]hat all discovery in this cause be delayed until 10 days after the completion of trial in such federal case [United States of America v. Jackie Pace et al, In the United States District Court for the Northern District of Texas, Fort Worth Division].

On April 2, Gamblin asked the trial court to grant default judgment against Bryant and to nonsuit the other two defendants because they had not been served with citation. The matter was heard without notice to Bryant. Gamblin testified in support of his claim for damages, and judgment was signed on that day for $50,000 actual damages and $100,000 exemplary damages.

On April 23, Bryant filed a timely motion for new trial (entitled "motion to set aside default judgment"), and the trial court heard the matter in open court on May 4. The trial court took the matter under advisement and, subsequently, overruled the motion for new trial on June 15. Bryant timely perfected his appeal.

### Point of Error

Bryant has briefed one point of error. He argues that:

> The trial court erred and abused its discretion in overruling appellant's motion to set aside default judgment and for new trial.

We agree.

### Standard of Review

Much of both parties' briefs deal with whether or not Bryant has satisfied the requirements of *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). We need not decide if Bryant satisfied all of the requirements set forth in *Craddock*. Bryant is entitled to a new trial because he had made an appearance in the case and was not given notice of the hearing on the motion for default judgment. The precise issue was decided in *LBL Oil Company v. International Power Services, Inc.*, 777 S.W.2d 390 (Tex. 1989), where the Supreme Court said:

> Once a defendant has made an appearance in a cause, he is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment to the federal constitution, as set forth in *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). See *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex.1988). The record here establishes that [defendant] had no actual or constructive notice of the hearing on the motion for default judgment, which effectively was his trial setting since it was dispositive of the case.

See also *Vining v. Vining*, 782 S.W.2d 261 (Tex.App.—Houston [14th Dist.] 1989, no writ); Figari, Dwyer, and Colleluori, *Texas Civil Procedure*, 44 Sw.L.J. 541 at 578 (1990).

### Ruling

The judgment of the trial court is reversed, and the cause is remanded for trial.