Eddy ROLON, Appellant,

v.

Karen Janet ROLON, Appellee.

No. 09–94–229 CV.

Court of Appeals of Texas,
Beaumont.

Submitted June 29, 1995.

Decided Oct. 12, 1995.

Ronald L. Barclay, Houston, for appellant.

Judith Anne Horton, Conroe, for appellee.

Before WALKER, C.J., and BURGESS
and STOVER, JJ.

## OPINION

STOVER, Judge.

This is an appeal from an award of custody and property resulting from a non-jury trial on March 17, 1994. Appellee filed for divorce in 1991. On June 5, 1992, attorney Duane T. Corley filed an answer and counter-claim on behalf of appellant Eddy Rolon, and was thus the attorney of record. Later in June of 1992, after a hearing on Temporary Orders, the court appointed appellant joint managing conservator with primary custody. There was no written order entered, but the parties abided by the order of the court. Afterwards, the appellant moved to Harris County with the minor child. No further action took place until March of 1994.

A trial date was set although appellant's attorney of record was not notified in any manner. There seems to be a conflict as to when the appellant was notified. However, it is not disputed that appellant's attorney of record at that time was not notified until one or two days before the trial. On the morning of the trial, appellant's attorney Duane T. Corley informed the court that he had not been notified of the trial setting and he was not prepared to go forward with the trial. The record reflects that the court insisted that the attorney either withdraw or go forward and the attorney chose to withdraw. At that time the appellant was forced to appear pro se, as the court stated that the case would proceed.

After the trial the court awarded sole managing conservatorship to appellee and awarded her all, 100 percent, of a business that was owned as community property. Appellant retained new counsel the next day and subsequently filed a Motion to Reconsider. This motion was denied. The trial judge then recused himself on his own motion. Appellant then filed a Motion for New Trial, and the new presiding judge denied appellant's motion. It is from these actions that this appeal has ensued.

Appellant brings forth four points of error which are:

1. The Trial Court erred by allowing the attorney of record to withdraw on the day of the trial.
2. The Trial Court erred in allowing the trial to proceed even though the attorney of record had not been noticed as required by Rules 21 and 245 of the Texas Rules of Civil Procedure.
3. The Trial Court erred by not allowing a Continuance for the Appellant to seek advice or a new attorney.
4. The Trial Court erred by not granting the Motion for New Trial.

■ We hold that the trial court committed error, as alleged in point of error number two, in allowing the trial to proceed even though the attorney of record had not been noticed as required by the rules. Appellee's counsel contends she filed her "Request For Setting", being January 13, 1994, and such pleading listed "Defendant's Attorney: RESPONDENT is Pro Se" and "ADDITIONAL COUNSEL TO BE NOTIFIED: None." The record reveals that at that time, Duane Corley was still appellant's attorney of record. Said attorney did not receive notice of the requested setting. Moreover, appellant was ill and in the hospital during much of January and February and there is no documentation presented that appellant received the "Request For Setting" which was mailed to him.

■ Failure to comply with the rules of notice in a contested case deprives a party of his constitutional right to be present at the hearing, to voice his objections in an appropriate manner, and results in a violation of fundamental due process. *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62, 65 (1965). Texas Rule of Civil Procedure 245 provides that:

> The court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties....

In *Bruneio v. Bruneio*, 890 S.W.2d 150, 155 (Tex.App.—Corpus Christi, 1994, no writ) the court held:

> These rules must be read in the context of other rules of civil procedure which generally provide for service of notice on "the party to be served, or the party's duly authorized agent or attorney of record." Tex.R.Civ.P.21a. Accordingly, the notice requirements of Rule 245 are satisfied by serving the party himself, his agent, or his attorney, under the provisions of Texas Rule of Civil Procedure 21a. (citations omitted) Furthermore, Texas Rule of Civil Procedure 8 also provides that "*[a]ll communications from the court or other counsel with respect to a suit shall be sent to the attorney in charge.*" These rules would suggest that the notice required by rule 245 is sent to the attorney in charge if the party is represented by counsel, or to the party himself if *pro se*. (emphasis added)

Having found error, we reverse the judgment below and remand this cause for a trial on the merits.

REVERSED AND REMANDED.