NO. 07-03-0382-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 12, 2005

_____

IN THE MATTER OF THE MARRIAGE OF
LISA ANN RUNBERG AND DOAK TIM RUNBERG
AND IN THE INTEREST OF S.F.R., M.D.R., J.L.R.,
J.G.R. AND Z.G.R., CHILDREN
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 52,652-A; HONORABLE RICHARD DAMBOLD, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


**OPINION**


Doak Tim Runberg challenges a default judgment of divorce. He contends that the trial court abused its discretion in overruling his motion for new trial because he had appeared in the case, but was given no notice of the setting for final hearing. We reverse and remand.

BACKGROUND

On March 20, 2003, Lisa Ann Runberg filed suit in the 47th District Court of Randall County for divorce from appellant Doak Tim Runberg. On March 22nd, Doak was served with citation and with a temporary restraining order which had been granted by a visiting judge. The restraining order, among other matters, commanded Doak to appear before Judge James W. Anderson on March 26th, to show cause why temporary relief should not be granted. Judge Anderson was sitting for the regular judge of the 47th District Court.

Lisa, her attorney, and Doak, acting *pro se*, were in court before Judge Anderson on March 26th. The temporary orders signed by Judge Anderson following the hearing recited that (1) Doak appeared in person and announced ready, (2) "[t]he parties have agreed to the terms of this order," and (3) the Court examined the record, the agreement of the parties and heard evidence. The thirty-page written order delineated (1) rights and duties of Lisa and Doak as conservators of the children of the marriage; (2) provisions for visitation with their children; (3) Doak's obligations to pay child support of $2,500 per month, provide insurance and health care for the children, pay spousal support of $500 per month, prepare and file income tax returns, timely pay specified debts; and (4) the date by which Doak had to move out of the home of the parties. The orders contained three and one-half pages of detailed injunctive provisions directed to Doak and a statement that Lisa and Doak waived issuance and service of the writ of injunction by stipulation.

As of May 22, 2003, the clerk's record reflected no further proceedings in the suit. Doak's appearance day had passed and he had not filed an answer. See TEX. R. CIV. P.

237.[1] Without notice to Doak, a final hearing on Lisa's petition for divorce was held on May 22nd and a default decree of divorce was signed that day. See TRCP 239.

Doak filed a written answer on June 6th. On June 20th, he filed a pleading entitled Respondent's Motion for New Trial and Motion to Vacate All Court Judgments and Orders From and After May 22, 2003. Several documents were attached to the pleading, including an affidavit by Doak in which he denied any prior notice of the final hearing. The affidavit did not (1) offer a reason for Doak's failure to file an answer to the suit before the default judgment was granted, (2) urge any manner of defense to the suit, or (3) offer any method of preventing harm to Lisa if a new trial were to be granted. Also attached to Doak's pleading were a copy of a letter dated May 13, 2003 from Doak's attorney to Lisa's attorney indicating that Doak had retained counsel, and a statement of facts from the final hearing. The statement of facts from the May 22nd final hearing contained testimony by Lisa in which she asked the judge to set child support at $2,500 per month, which was the same amount of support set to be paid as temporary child support ". . . after a hearing in which Mr. Runberg appeared." Lisa did not file a response to Doak's pleading.

By order dated June 26, 2003, the regular judge of the 47th District Court denied Doak's motion for new trial without a hearing. A hearing on Doak's Motion to Vacate the Court's Judgments and Orders after May 22, 2003, was held on July 16th. That motion

---

[1]Further reference to a rule of civil procedure will be by reference to "TRCP_."

was denied, but Doak makes no complaint about the ruling, and we will not address that ruling.[2]

By one issue, Doak asserts that the trial court abused its discretion in failing to grant his motion for a new trial.[3] Citing <u>LBL Oil Co. v. International Power Servs., Inc.</u>, 777 S.W.2d 390 (Tex. 1989), Doak maintains that, because he had "appeared" in the case, his due process rights under the Fourteenth Amendment to the United States Constitution were violated when the default judgment hearing was held without notice to him and he was entitled to have the default decree set aside. He references <u>Bryant v. Gamblin</u>, 829 S.W.2d 228 (Tex.App.–Eastland 1991, writ denied) as authority for the position that, under the circumstances, his motion for new trial did not need to comply with the mandates of <u>Craddock v. Sunshine Bus Lines, Inc.</u>, 134 Tex. 388, 133 S.W.2d 124 (1939). In the alternative, he asserts that if <u>Craddock</u> applies, he was required to show only that his failure to appear at the final hearing was not intentional or the result of conscious indifference. He cites <u>Lopez v. Lopez</u>, 757 S.W.2d 721 (Tex. 1988) and <u>In re Marriage of Parker</u>, 20 S.W.3d 812 (Tex.App.–Texarkana 2000, no pet.) as support for his alternative position.

---

[2]<u>See</u> <u>Platt v. Platt</u>, 991 S.W.2d 481, 483-84 (Tex.App.–Tyler 1999, no pet.), for discussion of a similar procedural situation.

[3]Doak's issue contains a statement to the effect that because he did not receive notice of the default judgment hearing, the trial court did not have jurisdiction over him. He cites no authority for the statement, makes no explanation for the failure to cite authority, and does not provide substantive analysis of the jurisdiction statement in his argument. We deem any assertion that a lack of notice denied the trial court jurisdiction as waived. <u>See</u> <u>Moser v. Davis</u>, 79 S.W.3d 162, 169 (Tex.App.–Amarillo 2002, no pet.).

-4-

Lisa disagrees, presenting three arguments. First, she references Brown v. Brown, 521 S.W.2d 730 (Tex.App.–Houston [14th Dist.] 1975, no writ), as support for the trial court's granting of judgment and denial of new trial. Next, she argues that Doak had not "appeared" in the suit and his due process rights under the Fourteenth Amendment were not violated. Finally, she maintains that the trial court did not err in denying a new trial because Doak failed to support his motion for new trial with evidence fulfilling requirements set out by Craddock.

## STANDARD OF REVIEW

The trial court's denial of a motion for new trial is reviewed for abuse of discretion. Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding rules and principles. See Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997). Likewise, a trial court abuses its discretion if it declines to exercise a power of discretion vested in it by law when the circumstances require that the power be exercised; or if it arrives at its choice in violation of an applicable legal rule, principle, or criterion. See Koch v. Koch, 27 S.W.3d 93, 95 (Tex.App.–San Antonio 2000, no pet.); Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d 931, 939-40 (Tex.App.–Austin 1987, no writ).

A trial court does not abuse its discretion in denying a motion for new trial when the granting of a new trial is dependent on questions of fact to be decided by the trial court, unless the evidence presented conclusively establishes factual bases mandating the

granting of a new trial. See Golden Eagle Archery, Inc. v. Jackson, 24 S.W.3d 362, 372 (Tex. 2000).

ANALYSIS

In LBL Oil Co, 777 S.W.2d 390, the defendant filed a written motion to dismiss for lack of personal jurisdiction. The motion to dismiss was denied. A written answer was not filed and default judgment was taken without notice to the defendant. The defendant appealed by writ of error. In reversing the default judgment, the Texas Supreme Court said simply that once a defendant has made an appearance in a cause, the defendant is entitled to notice of a trial setting as a matter of due process under the Fourteenth Amendment. Id. at 390-91. The Supreme Court did not consider the defendant's written challenge to the trial court's jurisdiction to be a written answer within the contemplation of the rules of civil procedure, see TRCP 46 (every petition and answer shall be contained in one instrument of writing) and TRCP 85 (original answer may consist of pleas to the jurisdiction or other dilatory pleas), because the Court specifically referred to the appeal as involving "a post-appearance default judgment case," as opposed to a post-answer default judgment case. See LBL Oil Co., 777 S.W.2d at 390.

Lisa contends that we should not follow LBL Oil Co., but, rather, follow Brown, 521S.W.2d 730. In Brown, the respondent husband was served with citation and appeared with counsel at a show-cause hearing, although he did not file any written document which could be considered as a pleading. Judgment of divorce was subsequently entered without notice to the husband, and husband appealed. The court of appeals held that even though

-6-

the husband appeared in the suit, absent a written pleading, the case was uncontested and advance notice of the final hearing was not required by the rules of civil procedure or the local trial court rules. Id. at 732. The appellant in Brown, however, did not contend that his due process rights were violated, as Doak contends in the matter before us. Brown is inapposite.

Next, we consider whether Doak made an "appearance" in the divorce suit when he attended the hearing before Judge Anderson on March 26, 2003. In doing so, we note that if no written answer has been filed in the lawsuit, whether a party has "appeared" depends on the nature and quality of the party's activities in the case. See Bradford v. Bradford, 971 S.W.2d 595, 597 (Tex.App.–Dallas 1998, no pet.). The nature and quality of activities to be considered encompass the filing of written documents, see LBL Oil Co., 777 S.W.2d at 390, and personal activity. See Bradford, 971 S.W.2d at 598; Smith v. Amarillo Hosp. Dist., 672 S.W.2d 615, 617 (Tex.App.–Amarillo 1984, no writ).

Doak's affidavit, which was attached to his motion for new trial, did not address his appearance at or the degree of his participation in the March 26th hearing on temporary orders. However, the temporary orders and Lisa's testimony at the default hearing, which were before the trial court at the time Doak's uncontested motion for new trial was denied, showed that Doak attended court, announced "ready" at the March 26th hearing, and entered into an extensive agreement as to temporary orders governing conservatorship of children of the marriage, property of the marriage, child and spousal support he would pay, and allocation of responsibility for debts. He waived, by stipulation, service of the agreed-upon temporary injunction which limited certain of his activities, including his ability to deal

with property, money, financial matters and credit cards, until entry of the final decree of divorce or further orders of the court. The docket sheet notation indicated that agreed temporary orders were announced and acknowledged by the parties and were adopted by the Court as temporary orders.[4]

Doak's actions during his attendance at the March 26th hearing were of a different nature and quality than those actions which we held did not comprise an appearance by the appellant in Smith. See Smith, 672 S.W.2d 615. In Smith, the appellant had not been served with the live pleading on which the trial was being held nor did the appellant announce "ready." Further, the appellant in Smith did not enter into an extensive agreement concerning the subject matter of the suit, which agreement was then incorporated into a court order.

Doak's participation was more of the nature and quality of participation by the appellant in Bradford, 971 S.W.2d 595. In Bradford, the appellant appeared at two hearings, announced "ready," and testified at one of the hearings. The appellant's actions in Bradford were determined to have been an appearance such that the trial court's failure to set aside the default judgment taken without notice was an abuse of discretion. Id. at 598.

At the time the trial court denied Doak's motion for new trial, the evidence before the court showed that Doak did not simply attend court before Judge Anderson, as he was

---

[4]A copy of the reporter's record of the March 26th hearing held by Judge Anderson was not attached to Doak's motion for new trial and was not otherwise before the court when Doak's motion for new trial was denied.

directed to do by the show-cause order, then merely observe the proceedings. See Smith, 672 S.W.2d at 617. The evidence reflected that Doak announced that he was ready for the hearing and participated in the proceeding by cooperating in submitting an agreement to the court which governed the rights and obligations of the parties, their children and their property, subject to further orders of the court. He agreed to subject himself to a detailed court order - the injunction - which restricted his personal freedom and ability to deal with his property and finances. On the other hand, there was no evidence before the trial court at the time the motion for new trial was denied which would have supported a finding that Doak was only a passive observer of the proceedings. Doak's actions at the March 26, 2003 hearing were of such nature and quality as to comprise an appearance in the suit as a matter of law, see Golden Eagle Archery, Inc., 24 S.W.3d at 372, and his due process right to notice of the final hearing attached. See LBL Oil Co., 777 S.W.2d at 390-91.

Finally, we address whether Doak was required to fulfill the mandates of Craddock in order to have the default judgment set aside. Craddock sets out the rule applicable to motions for new trial seeking to set aside default judgments entered for failure to file an answer as well as for post-answer defaults. See Ivy v. Carrell, 407 S.W.2d 212, 213 (Tex. 1966); Craddock, 133 S.W.2d at 126. Craddock revised the guiding rule or principle for trial courts to follow in exercising equitable discretion to grant or deny new trials following entry of default judgments:

> Some lack of uniformity [in trial court rulings granting or denying new trials] still exists. This is probably due, in part at least, to the fact that *the question is controlled by principles of equity*. . . . While trial courts have some measure of discretion in the matter, as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide

cases as they might deem proper, without reference to any guiding rule or principle. Trial judges desire and are entitled to have a principle or rule to guide them, and we, therefore, reannounce, in slightly changed language the rule established by the above authorities, as follows: A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity.*

Craddock, 133 S.W.2d at 126 (emphasis added).

The Texas Supreme Court has maintained that the law in regard to granting new trials after default judgment is set out in Craddock. See Strackbein, 671 S.W.2d at 39.[5] But, the Supreme Court has also held that all three prongs of Craddock are not always applicable. In Lopez, the Supreme Court held that if a defendant did not receive actual or constructive notice of trial, due process prevented application of the second prong of the Craddock test. See Lopez, 757 S.W.2d at 723 (citing Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988)). Appellate courts have dealt with Craddock's applicability in different ways when notice was at issue. See In re Marriage of Parker, 20 S.W.3d at 817; Bryant, 829 S.W.2d 228.

---

[5]In LBL Oil Co., the Supreme Court did not address whether the appellant met the Craddock requirements. However, LBL Oil Co. did not involve a motion for new trial. It involved direct appeal by writ of error. Appeal by writ of error constituted a direct attack on the default judgment. See McKanna v. Edgar, 388 S.W.2d 927, 928 (Tex. 1965). The question in such an appeal was whether error which would vitiate the trial court's judgment was apparent on the face of the record. Id.

As noted above, all three <u>Craddock</u> elements are based in equity. The purpose of the third element of <u>Craddock</u> is to prevent injustice by protecting a party who takes a default judgment from undue delay or other detriment, such as a loss of witnesses or other valuable evidence, that would disadvantage the judgment-holder in presenting the merits of the case at a new trial. See <u>Director, State Employees Workers' Comp. Div. v. Evans</u>, 889 S.W.2d 266, 270 (Tex. 1994).

If the second prong of <u>Craddock</u>'s equitable rule yields to Constitutional due process rights of the party who suffered a no-notice judgment, which it does, see <u>Lopez</u>, 757 S.W.2d at 723, we fail to see why <u>Craddock</u>'s third prong should not also yield. We conclude that it should, and that equitable protection of the judgment-holding party, which is the subject of <u>Craddock</u>'s third prong, does not override the due process right of a defendant to proper notice of the dispositive final divorce hearing. See <u>Peralta</u>, 485 U.S. at 86-7; <u>Lopez</u>, 757 S.W.2d at 723; <u>In re Marriage of Parker</u>, 20 S.W.3d at 817-18. It follows that insofar as Doak is concerned, the holding of <u>Lopez</u> applies to both the second and third prongs of <u>Craddock</u>. That is, the violation of Doak's due process right to actual or constructive notice of the final hearing means that Doak's motion for new trial and attached affidavits need not have either set up a meritorious defense or addressed the avoidance of injury or delay to Lisa by the granting of a new trial.

Given the record before us, we need not decide whether <u>Lopez</u> also extends to the first prong of <u>Craddock</u>. If <u>Peralta</u> and <u>Lopez</u> apply to vitiate the first <u>Craddock</u> prong under this record, then the trial court abused its discretion in failing to grant a new trial because the final decree was entered in violation of Doak's due process rights. See <u>Goode</u>, 943

-11-

S.W.2d at 446; <u>Koch</u>, 27 S.W.3d at 95.  If <u>Peralta</u> and <u>Lopez</u> do not apply to vitiate the first <u>Craddock</u> prong, then the trial court abused its discretion in failing to grant a new trial because Doak's failure to attend the final hearing could not have been intentional or the result of conscious indifference when, according to his uncontested affidavit, he did not have notice.  <u>See</u> <u>In re Marriage of Parker</u>, 20 S.W.3d at 817.  Accordingly, the result is the same regardless of whether the first prong of <u>Craddock</u> is abrogated by <u>Peralta</u> and <u>Lopez</u>: the trial court abused its discretion in failing to set the default judgment aside and grant a new trial.  <u>See</u> <u>Peralta</u>, 485 U.S. at 86-7.

Doak's issue is sustained.

The judgment of divorce is reversed and the cause is remanded for a new trial.


                                        Phil Johnson
                                        Chief Justice


Reavis, J., dissenting.

NO. 07-03-0382-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 12, 2005

_____

IN THE MATTER OF THE MARRIAGE OF
LISA ANN RUNBERG AND DOAK TIM RUNBERG
AND IN THE INTEREST OF
S.F.R, M.D.R, J.L.R., J.G.R., AND Z.G.R., CHILDREN

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 52,652-A; HONORABLE RICHARD DAMBOLD, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**DISSENTING OPINION**

I respectfully dissent from the majority that a reversal of the judgment is required by the decision in LBL Oil Company v. International Power Services, 777 S.W.2d 390 (Tex. 1989).

The decision in *LBL* cannot be disassociated from or taken out of context of its facts. *See* W.D. Haden Co. v. Dodgen, 158 Tex. 74, 308 S.W.2d 838, 840 (1958). In Lester v. First American Bank, 866 S.W.2d 361, 363 (Tex.App.--Waco 1993, writ denied), noting that the decision in a prior case only applies if the facts of the prior case are substantially the same as those under review, the court concluded that the binding effect of a prior decision cannot be determined without reference to its important facts. *Stare decisis* applies when the facts of a prior case are substantially the same as the case under consideration. *See* Edwards v. Kaye, 9 S.W.3d 310, 313 (Tex.App.--Houston [14th Dist.] 1999, pet. denied).

Moreover, "due process of law" is not a technical concept having a fixed content unrelated to time, place, and circumstances; rather, the term implies fundamental fairness in the context of the particular case. *See* Southwest Prof. Indem. v. Dept. of Ins., 914 S.W.2d 256, 267 (Tex.App.--Austin 1996, writ denied). Further, due process does not guarantee Doak any particular form of state procedure and is satisfied if he had notice of the suit and a reasonable opportunity to be heard. Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904 (1930). Because the question of due process is fact intensive, we need to compare the facts in *LBL* with the facts presented here to also determine whether Doak was not given a reasonable opportunity to be heard on the merits of his case. *See* Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983).

Our review of the facts is limited to such history as is reflected by the opinion of the Texas Supreme Court. In *LBL*, a Texas plaintiff sued a Texas corporation allegedly doing business as LBL Gas Systems on a sworn account and obtained service on the registered agent. 770 S.W.2d at 390. Although he was never served with citation, R. H. Lindley, a citizen of Oklahoma, filed a *pro se* motion to dismiss the suit alleging he was the sole owner of the unincorporated business LBL Oil Company, it was an "Oklahoma 'dba,'" and there was no jurisdiction over him because there had been no service. *Id.* After the trial court overruled Lindley's motion upon notice to him, without any amendment of plaintiff's pleadings or further notice, the trial court rendered a default judgment.[6] *Id.* Upon consideration of Lindley's writ of error, the Court held that because the record established Lindley had no actual or constructive notice of the default hearing, he had been denied due process of law. *Id.* at 391.

Unlike Lindley, Doak, a Texas resident, was personally served which expressly gave him notice that if he did not file a written answer with the clerk on the Monday next following the expiration of twenty days after service of citation, a "default judgment may be taken against [him]." In addition to the requirements of Rule 99, the citation further notified Doak:

> The Court has authority in this suit to enter any judgment or decree dissolving the marriage and providing for the division of property which will be binding on you.

---

[6]We are unable to determine if judgment was rendered against Lindley, individually, or against the corporation, or both.

> The Court has authority in this suit to enter any judgment or decree in the child/children's interest which will be binding upon you, including the termination of the parent-child relationship, the determination of paternity, and the appointment of a conservator with authority to consent to the child/children's adoption.

Neither Doak nor his retained attorney filed a written answer or any other pleading, and such failure to answer constituted an admission of the allegations in Lisa's petition. Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979); *see also* Harmon v. Harmon, 879 S.W.2d 213, 217 (Tex.App.--Houston [14th Dist.] 1994, writ denied).[7] Had Doak or his attorney filed an answer, per Rule 245, he would have been given "reasonable notice" of the trial setting, not less than 45 days.[8]

Doak does not contend that the applicable Texas Rules of Civil Procedure are unconstitutional or deficient or that his failure to file an answer was not the result of an absence of diligence on his part. Unlike Lindley, who was never notified of the consequences of not filing a written answer, Doak's lack of notice of the default hearing was the product of his or his counsel's failure to timely file an answer, and his counsel's failure to timely file an answer is imputed to Doak. *See* Dow Chemical Co. v. Benton, 163 Tex. 477, 357 S.W.2d 565, 567 (Tex. 1962); Texas Employers Insurance Ass'n v.

---

[7] The rules of procedure apply to *pro se* parties as well as attorneys. Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978).

[8] *See generally* Rolon v. Rolon, 907 S.W.2d 670, 671 (Tex.App.--Beaumont 1995, no writ) (holding the trial court erred in allowing the trial to proceed when counsel had not been given notice as required by Rule 245).

Wermske, 162 Tex. 540, 349 S.W.2d 90, 94 (1961). Accordingly, I would hold that *LBL* is not controlling and that Doak was given a reasonable opportunity to be heard on the merits of his case.

**No Reversible Error**

Moreover, before we may reverse a judgment and order a new trial we must find that the error complained of amounted to such a denial of Doak's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment or prevented Doak from presenting the case on appeal. Tex. R. App. P. 44.1. Further, if the error affects only part, but not all of the case, a judgment may be reversed only as to the part affected by the error. *See* Tex. R. App. P. 44.1(b); *see also* Tex. R. App. P. 61.

The harmless error doctrine is well established in Texas. In Walker v. Texas Employers' Insurance Association, 155 Tex. 617, 291 S.W.2d 298, 301 (1956), the Court held that the rule of presumed prejudice no longer applies in Texas. After that decision, in Dennis v. Hulse, 362 S.W.2d 308, 309 (Tex. 1962), the Court held that an appellant must also show the error probably did cause the rendition of an improper judgment. Later, in Lorusso v. Members Mut. Ins. Co., 603 S.W.2d 818, 820 (Tex. 1980), the Court held that the harmless error rule "applies to all errors in that it draws no distinction as to the type of errors involved in its requirement for reversal." Also, we recently held that demonstrating harm is "of import since the burden lay on [appellant] to establish on appeal that the

-17-

purported error caused the rendition of an improper judgment." In re Marriage of Scott, 117 S.W.3d 580, 584 (Tex.App.–Amarillo 2003, no pet.).[9]

Doak contends that because he made an appearance in the case, he was entitled to notice of the trial setting and the trial court failed to comply with the rules of notice.[10] Although he had the burden to demonstrate the alleged error probably caused the rendition of an improper judgment or prevented him from presenting his case here, Doak does not address Rule 44.1 nor present a contention, argument, or analysis demonstrating that the error was reversible. Considering that Doak's failure to file an answer constituted his admission of the allegations in Lisa's petition and because Doak did not carry his burden to demonstrate that the alleged error probably resulted in an improper judgment, we may not reverse the judgment because the error is not reversible per Rule 44.

For the reasons stated herein, I would affirm the judgment of the trial court.

---

[9]*See also* Knight v. Hicks, 505 S.W.2d 638, 644 (Tex.Civ.App.–Amarillo 1974, writ ref'd n.r.e.); Whitfield v. Shames, 484 S.W.2d 615, 616 (Tex.Civ.App.–Amarillo 1972, writ ref'd n.r.e.); Traders & General Ins. Co. v Randolph, 467 S.W.2d 689, 690 (Tex.Civ.App.–Amarillo 1971 writ dismissed); Gulf Ins. Co. v. Ball, 324 S.W.2d 605, 609 (Tex.Civ.App.–Amarillo 1959 writ ref'd n.r.e.); Ratliff v. Clift, 312 S.W.2d 315, 320 (Tex.Civ.App.–Amarillo 1958 writ ref'd n.r.e.); *see also* In re B.S.W., 87 S.W.3d 766, 768 (Tex.App.–Texarkana 2002, pet. denied); Hooper v. Sanford, 968 S.W.2d 392, 394 (Tex.App.–Tyler 1997, no pet.); Owens-Corning Fiberglas Corp. v. Malone, 916 S.W.2d 551, 570 (Tex.App.–Houston [1st Dist.] 1996), *aff'd*, 972 S.W.2d 35 (Tex.1998); Sullivan v. Bickel & Brewer, 943 S.W.2d 477, 484 (Tex.App.–Dallas 1995, writ denied); Cain v. Cain, 870 S.W.2d 676, 681 (Tex.App.–Houston [1st Dist.] 1994, writ denied).

[10]Doak's notice of appeal was directed to the judgment taken on May 22, 2003, and not the denial of his motion for new trial.

Don H. Reavis
Justice