

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-14-00767-CV

**IN THE INTEREST OF D.M.B.**, Jr. and I.L.B., Children

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-02050
Honorable Peter A. Sakai, Judge Presiding

Opinion by: Marialyn Barnard, Justice
Dissenting Opinion by: Rebeca C. Martinez, Justice

Sitting: Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Jason Pulliam, Justice

Delivered and Filed: April 29, 2015

Because I disagree with the majority's conclusion that Father made a general appearance by and through his court-appointed ad litem attorney in this parental termination case, thus waiving any complaint about service and failing to show error on the face of the record, I respectfully dissent. I believe this court has jurisdiction to review the merits of this restricted appeal from the judgment terminating Father's parental rights.

In this case, Father opted to challenge the judgment by restricted appeal, as the Texas Rules of Appellate Procedure permit him to do. *See* TEX. R. APP. P. 30. To obtain reversal of a judgment by restricted appeal, the appellant must establish that (1) he filed notice of restricted appeal within six months after the date the judgment was signed, (2) he was a party to the suit, (3) he did not participate, either in person or through counsel, in the hearing that resulted in the judgment complained of, and did not timely file a post-judgment motion, request for findings of fact and

conclusions of law, or notice of appeal, and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Only the fourth element is at issue in this case. Within the context of a restricted appeal, the record consists of all the papers on file in the appeal, including the reporter's record. *Norman Commc'n v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Beller v. Fry Roofing, Inc.*, No. 04-05-00159-CV, 2005 WL 3115828, at *1 (Tex. App.—San Antonio Nov. 23, 2005, no pet.) (mem. op.). The face of the record must show error, not merely support an inference of error. *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) ("[A] restricted appeal requires error that is *apparent*, not error that may be *inferred*.").

Here, Father contends the trial court had no personal jurisdiction over him because the Department did not strictly comply with the procedures for substituted service of citation; therefore, the face of the record shows error, in that it shows he was not properly served with citation under Rule 106(b). TEX. R. CIV. P. 106(b) (stating the procedures for substituted service); *see Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152-53 (Tex. 1994) (strict compliance with rules governing service must affirmatively appear on face of record to support default judgment based on substituted service); *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985) (there are no presumptions in favor of valid issuance, service, and return of citation in face of writ or error attack on default judgment). The majority concludes that it need not address the merits of Father's complaint because he waived any defect in service by making a general appearance through his attorney ad litem. *See* TEX. R. CIV. P. 120. The guidelines for determining whether a party has made a general appearance are: (1) if the party invokes the jurisdiction of the court on any question other than the court's jurisdiction; (2) if the party recognizes by its acts that an action is properly pending; or (3) if the party seeks affirmative action

from the court.  *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004).  The majority determines, without specific authority, that an objection to the admissibility of evidence alone disqualifies the attorney as a "mere bystander or silent figurehead" and constitutes a sufficient deed by counsel on behalf of an absent Father that "seeks affirmative action from the court" to invoke the court's personal jurisdiction over Father.  I disagree that the record before us in this parental termination suit supports the finding of a general appearance by Father.

Here, the clerk's record contains no pleadings filed by Father's attorney ad litem, who was appointed on August 26, 2013.  On September 17, 2013, the trial court held a Chapter 262 hearing at which Father's attorney was present and announced "not ready."  The September 17, 2013 "Temporary Order Following Show Cause Hearing" indicates the trial court conducted a full adversary hearing pursuant to section 262.205, although the reporter's record reflects the Department twice indicated, "this is a 113."  *See* TEX. FAM. CODE ANN. § 262.113 (West 2014) ("Filing Suit Without Taking Possession of Child"); *id.* § 262.205 (West 2014) ("Hearing When Child Not in Possession of Government Entity").  The order set a status hearing and pre-trial conference pursuant to section 263.201 for November 6, 2013, and was signed by Father's attorney "approved as to form."[1]  *See id.* § 263.201 (West 2014) ("Status Hearing; Time").  As the majority notes, the September 17, 2013 temporary order states in introductory form language that Father appeared in person and through his attorney, which is refuted by the reporter's record of the hearing which clearly shows that Father was not present.

The record reflects that Father was not present at the November 6, 2013 status hearing. Father's attorney was present and signed "approved as to form" the order setting the next status/permanency hearing for March 5, 2014 and trial on the merits for August 18, 2014.  In

---

[1] On September 17, 2013, the trial court also entered an order authorizing placement of the children which does not reflect Father's appearance either in person or by attorney, and is not signed by Father's attorney.

December 2013, the case was transferred to drug court and that court set a March 7, 2014 date for the next status/permanency hearing and a trial date of July 11, 2014. The record shows neither Father nor his attorney were present at the March 7, 2014 hearing. On July 11, 2014, the case was expelled from drug court and transferred back to the 166th Judicial District Court.[2] The order set the matter for trial on the merits on July 25, 2014. Father's attorney signed the order "as to form only." Neither Father nor his attorney were present for trial on July 25, 2014. The termination order indicates in introductory form language that counsel appeared and announced "ready", but it is not signed by Father or his counsel.

My disagreement with the majority is whether the attorney ad litem's presence and actions at the Chapter 262 hearing on September 17, 2013 alone constituted a general appearance by Father in this termination suit.

If a trial court enters a judgment without acquiring personal jurisdiction over the parties, the judgment is void. *In re C.T.*, No. 13-12-00006-CV, 2012 WL 6738266, at *11 (Tex. App.—Corpus Christi Dec. 27, 2012, no pet.) (mem. op.) (citing *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985)). "[B]ecause an involuntary termination of parental rights involves fundamental constitutional rights, we must exercise the utmost care in ensuring that a parent's rights are acknowledged and protected." *Id.* A termination suit is not a custody proceeding and is afforded higher scrutiny. *In re G.M.*, 596 S.W.2d 846, 846 (Tex. 1980). Termination proceedings must be strictly scrutinized, and termination statutes are strictly construed in favor of the parent. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Again, there are no presumptions in favor of valid issuance, service, or return of citation in the face of a writ of error attack on a default judgment. *Uvalde Country Club*, 690 S.W.2d at 885.

---

[2] I do not address the effect on the court's jurisdiction over Father after the case was transferred to and from the drug court.

Here, the majority dismisses Father's restricted appeal after concluding that Father made a general appearance in the termination suit once his ad litem attorney "attended" and "participated" in the preliminary Chapter 262 hearing. The reporter's record indicates that Mother had agreed to the Department's managing conservatorship over her children, with her as possessory conservator, and that Father's attorney announced that Father was "not here" and that he "cannot be in agreement with the State." The trial court acknowledged the "not ready" announcement, but denied it and proceeded with the hearing. During the caseworker's testimony on direct examination by the Department, Father's attorney raised several evidentiary objections, e.g., hearsay, which were ruled on by the trial court. Despite the trial court's invitation to counsel that he could "cross, even though *you're not ready so you're not making an appearance*" (emphasis added), counsel did not engage in any cross-examination of the Department's witnesses nor present any witnesses or argument on Father's behalf. The trial court similarly invited counsel to cross-examine Mother, "without appearing," and counsel further declined. Father's attorney also objected to any evidence in support of the Department's request for a temporary restraining order against Father on constitutional due process grounds for lack of notice because the Department had not pled for a restraining order in its petition. The trial court made no ruling on the attorney's objection. Father's attorney made no closing argument, and urged no prayer for relief on Father's behalf. In ruling, the trial court prohibited access by Father to the children, stating it was "not a restraining order, but it sounds like one." In closing, the Department argued for temporary possessory conservatorship as to Mother over both children, and as to Father over only one child until genetic testing could be ordered to confirm his parentage over the second child. The children's ad litem requested a genetic testing order for Father, presumably to confirm his

parentage over the second child, to which the trial court replied, "I'm not going to DNA order him until he shows up."

By not agreeing or acquiescing to the restraining order at the Chapter 262 hearing, the ad litem avoided an implicit acknowledgment of the court's jurisdiction over Father and any recognition that an action was properly pending. *Cf. Schoendienst v. Haug*, 399 S.W.3d 313, 318-19 (Tex. App.—Austin 2013, no pet.) (internal citations omitted) (in restricted appeal, record showed appellant was served, did not file written answer, but "appeared" by entering into agreed temporary injunction, thereby entitling her to notice of default judgment when considered in the context of the present record). "[W]e do not suggest that agreeing or acquiescing to some form of temporary injunctive relief will *always* constitute an appearance." *Id.* at 321. In the absence of a written answer, "whether a defendant is considered to have 'appeared' depends on the nature and quality of the party's activities in the case" and requires a "fact-specific analysis that considers the nature and quality of any written documents the defendant has filed in the case, any participation in hearings, and any other personal activity by the defendant." *Id.* at 316-17; *see In re Marriage of Runberg*, 159 S.W.3d 194, 198 (Tex. App.—Amarillo 2005, no pet.). In fact, we have previously held that an agreement to the extension of a temporary restraining order and to temporary injunction orders does not constitute a general appearance. *Carey v. State*, No. 04-09-00809-CV, 2010 WL 2838631, at *3 (Tex. App.—San Antonio July 21, 2010, pet. denied) (mem. op.). In particular, in *In re P.Y.M.*, we determined that counsel's attendance and participation at a parental termination hearing constituted a general appearance by properly considering counsel's specific actions in conducting a substantive examination of a witness, along with praying for a judgment and findings on behalf of her client. *In re P.Y.M.*, No. 04-13-00024-CV, 2013 WL 4009748 (Tex. App.—San Antonio Aug. 7, 2013, pet. denied) (mem. op.); *see also In re Runberg*,

159 S.W.3d at 198 (announced ready and entered into extensive agreement regarding subject matter of suit). In so doing, counsel sought an adjudication on a question of fact, i.e., on the best interests of the child, that explicitly addressed an adjudication on the merits of Father's claim or defense before the court and thus invoked the jurisdiction of the court.

Raising a hearsay objection does not rise to a plea. It does not seek a judgment or adjudication of some disputed non-jurisdictional issue, but merely an evidentiary ruling. It most certainly does not evidence an unqualified submission of Father's recognition that the court had jurisdiction over him to decide questions beyond jurisdiction itself, or that the underlying termination suit was properly pending. I am not willing to extend our recent holding so far as to hold that a court-appointed ad-litem's evidentiary objections alone constitute a general appearance by Father, particularly when they are made ten months before the actual trial on the merits in an involuntary termination suit. Father's attorney made it clear to the court that he was "not ready" to proceed; the trial court likewise indicated on the record its understanding that Father's attorney was "not appearing." That the trial court refused to enter a restraining order or DNA testing on Father "until he shows up" is further evidence of the trial court's acknowledgment that Father had not yet made an appearance, either personally or through counsel. Almost a year later, on July 25, 2014, neither the ad litem attorney nor Father appeared at the trial seeking termination of Father's parental rights. Counsel's conduct throughout the record is consistent with a challenge to the court's jurisdiction and does not amount to an invocation of the court's jurisdiction nor a recognition that the suit was properly pending or that the court had properly exercised personal jurisdiction over the absent Father. *See Exito Elecs.*, 142 S.W.3d at 304. To so hold is inconsistent with Rule 120 and prevailing caselaw. *See* TEX. R. CIV. P. 120. There is nothing in the record that would suggest a contrary conclusion.

Moreover, we have previously recognized that appearing in a matter ancillary and prior to the main suit does not constitute a general appearance in the main suit. *See Carey*, 2010 WL 2838631, at *3 (holding party's agreement to extension of temporary restraining order and temporary injunction did not constitute a general appearance); *see also Turner v. Turner*, No. 14-98-00510-CV, 1999 WL 33659, at *3 (Tex. App.—Houston [14th Dist.] Jan. 28, 1999, no pet.) (holding attorney's presence at temporary restraining order hearing did not constitute general appearance because hearing related to an ancillary matter); *see also In re M.G.M.*, 163 S.W.3d 191, 200-01 (Tex. App.—Beaumont 2005, no pet.) (refusing to hold defendant waived special appearance when party entered into agreed collateral order); *Perkola v. Koelling & Assocs., Inc.*, 601 S.W.2d 110, 111-12 (Tex. Civ. App.—Dallas 1980, writ dism'd) (holding defendant did not waive his plea by contesting interlocutory temporary injunction).

I do not believe these facts fit within the guidelines for making a general appearance and prevailing authority addressing the issue. *See Exito Elecs.*, 142 S.W.3d at 304. Most certainly, not within the context of this parental termination suit. The condemnation case cited by the majority is distinguishable from the facts in this case and not instructive. By analogizing this case with a condemnation suit, the majority fails to recognize "the unique procedural process involved in eminent domain cases" which involves both an administrative and judicial proceeding, and reliance thereon cannot justify ignoring a proper construction of Rule 120 and this court's more relevant precedent addressing the issue before us. *See Seals v. Upper Trinity Regional Water Dist.*, 145 S.W.3d 291, 294 (Tex. App.—Fort Worth 2004, pet. dism'd) (judicial phase begins after appellant filed his objections to special commissioners' award, not earlier during administrative phase when request for injunction was granted) (citing *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 241 (Tex. 1984)). Without need, the majority extends the purview of our previous

holdings and ignores the scrutiny required to protect due process owed to a parent against whom involuntary parental termination is sought.

Considering the absence of pleas or pleadings on behalf of Father and the complete absence of Father at all of the proceedings, in the context of the fundamental constitutional rights involved and the proceedings unique to this involuntary termination of parental rights suit, and the error I find apparent in the record before us, I would not hold that Father waived his complaints by entering a general appearance to dismiss this restrictive appeal. I find error on the face of the record and would retain jurisdiction over this restricted appeal to review the merits of Father's complaint regarding service.

Rebeca C. Martinez, Justice