ACCEPTED
14-13-00931-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/29/2015 11:32:16 PM
CHRISTOPHER PRINE
CLERK

## IN THE FOURTEENTH COURT OF APPEALS
## HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/29/2015 11:32:16 PM
CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| ALBERT MORRIS, ET. AL. | § | |
| Appellants, | § | |
| | § | |
| | § | |
| vs. | § | CASE NO.: 14-13-00931-CV |
| | § | TRIAL COURT:12-DCV-197669 |
| | § | |
| SAND CANYON, F/K/A | § | |
| OPTION ONE, ET. AL. | § | |
| Appellees. | § | |

### APPELLANTS' MOTION FOR REHEARING

TO THE HON. COURT:

THIS MOTION PRAYS FOR RE-HEARING, A RE-SUBMISSION OF This Case for Court's review; this, because the opinion rendered on May 14th 2015 affirming the trial court's decision, was in error.

In *Lowe v. Lowe*, Cause number 14-96-01329-CV, (14th Court of Appeals – June 18th 1998) a case similar to this instant case, this Court ruled that the case law of *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939) did apply, and that case was remanded for new trial. As the circumstance of *Lowe* is similar to this case, the Court should have equally found that *Craddock* applies in this case, as the Court found in *Lowe*.

Appellant Albert Morris showed in the Brief that his failure to appear for the summary judgment motion hearing, was not intentional or result of conscious indifference, but was due to accident or mistake; this being the first prong in *Craddock*. At that time, Albert Morris had series of surgeries in which

1

he was physically incapacitated in a hospital bed, and could not have attended the hearing at trial court. This fact was true and uncontroverted.

For merit, Appellants further showed that they have meritorious claim for a Bill of Review where an essential party was not party in the original suit; this essential party was neither disclosed nor known to the Appellants at the time it (American Home Mortgage Service Inc.) took the short gun approach of self help in conducting a March 3rd 2009 foreclosure of their Home Equity Loan without judicial consent. The attached document, shows that Wells Fargo knew that the March 3rd 2009 foreclosure was conducted unlawfully; hence, Wells Fargo attempt to "correct" the situation by foreclosing on same property on October 4th 2014 – see attached Notice of Foreclosure.

Contrary to the Court's opinion on page 8 of the May 14th 2015 Opinion, Appellants did not waive this issue of Indispensable party; this is because this fact was part of the trial court's record; and such record was fully furnished to this Court as part of the record on appeal. Also, failure of the Court to review all matters before it, goes contrary to the basic law of trial de novo in appeal of cases such as this where summary judgment was granted.

For the third prong of the *Craddock* rule, Appellants filed a motion for new trial when it would not cause delay of otherwise injure the prevailing party. The matter between the litigants have gone on for some time, a continuance

(or new trial) of the summary judgment motion hearing would not have made any difference, or caused any delay.

In *same Lowe v Lowe's* case, this Court in footnote 1 in it's opinion, noted that "the party need not satisfy all three prongs when the party did not receive notice of the hearing or suit." The Court further credited that view to a sister Court in *Bryant v. Gamblin*, 829 S.W. 2d 228, 229 (Tex. App. – Eastland 1991, writ denied). Appellants did not **receive** notice of the trial court's hearing.

## PRAYER

Appellants Urges this honorable Court to vacate it's May 14th 2015 Opinion and Judgment, and Re-Hear this appeal for fairness and justice.

Respectfully submitted,

*/s/ Albert Morris*
By:_____
Albert Morris
P. O. Box 17026
 Sugar Land, Texas 77496
 713/931-8777; Fax: 832/217-2913
Appellants

## CERTIFICATE OF SERVICE

I certify that copy of this motion was served all parties this 29th day of June 2015, via e-file.

*/s/ Albert Morris*
_____
Albert Morris

## MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PHONE (214) 635-2650   FAX (214) 635-2686

PARKWAY OFFICE CENTER, SUITE 900
14160 NORTH DALLAS PARKWAY
DALLAS, TEXAS 75254
* PLEASE RESPOND TO DALLAS OFFICE

UNION PLAZA
124 WEST CAPITOL, SUITE 1560
LITTLE ROCK, ARKANSAS 72201

14-005112-670
November 18, 2014
VIA CERTIFIED MAIL/RRR
AND REGULAR MAIL
TILDA MORRIS
54 THE OVAL
SUGAR LAND, TX 77479

Re:   Property Address:   54 THE OVAL, SUGAR LAND, TX 77479
      MWZ Case No.:       14-005112-670
      3 Day Notice to Vacate Prior to Filing Unlawful Entry and Detainer - Residential

PLEASE TAKE NOTICE: Pursuant to the terms of the Deed of Trust that encumbered the above referenced property a foreclosure sale was held on 10/04/2014. Our client, Wells Fargo Bank, N.A., as trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2004-OP1 Asset Backed Pass-Through Certificates, Series 2004-OP1, was the purchaser at the foreclosure sale and based upon the Deed of Trust, you are hereby given this 3-Day Notice to Vacate. You must completely vacate the leased premises by 11/21/14.

Texas Property Code §24.005(b) provides in part:
If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit.

If you fail to vacate by the above deadline, we will, on behalf of our client, Wells Fargo Bank, N.A., as trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2004-OP1 Asset Backed Pass-Through Certificates, Series 2004-OP1, file a Forcible Detainer lawsuit against you.

**IF YOU ARE AN ACTIVE DUTY MEMBER OF THE UNITED STATES ARMED FORCES OR A DEPENDENT OF AN ACTIVE DUTY SERVICEMEMBER, YOU MAY BE ENTITLED TO RIGHTS AS PROVIDED IN THE SERVICEMEMBERS CIVIL RELIEF ACT. IN SUCH CASE, YOU OR YOUR ATTORNEY SHOULD CONTACT THIS LAW FIRM AND PROVIDE PROOF OF MILITARY SERVICE IMMEDIATELY SO THAT THIS FIRM CAN DETERMINE IF YOU FALL UNDER THE PROTECTION OF THE ACT. PLEASE CONTACT DON JOHNSON OR BRIAN OMMART AT (214) 635-2650.**

Loan No. 7143391147
Notice to Vacate – Page 1 of 4



STATE OF TEXAS
COUNTY OF FORT BEND

I hereby certify this to be a true and correct copy of original record now on file with Justice of the Peace, Precinct 4. Certified this 19th day of February 2015.

By _____ Clerk
Justice of the Peace, Pct 4

**THIS NOTICE IS GIVEN PURSUANT TO APPLICABLE LAW AND IN NO WAY IMPAIRS ANY OF THE OTHER REMEDIES OR RIGHTS OF THE OWNER, EITHER UNDER THE DEED OF TRUST OR UNDER APPLICABLE LAW.**

If you have any questions please call our offices at (214) 635-2650.

Issued on November 18, 2014.

Mackie Wolf Zientz & Mann, P.C.



STATE OF TEXAS
COUNTY OF FORT BEND

I hereby certify this to be a true and correct copy of original record now on file with Justice of the Peace, Precinct 4. Certified this _19th_ day of _February_ 20_15_.

By: _____ Clerk
Justice of the Peace, Pct 4

# OFFICIAL RECEIPT



## Justice of the Peace, Precinct 4

| Payor | | Receipt No. |
|---|---|---|
| MORRIS, ALBERT O | | **41-63259** |
| 54 THE OVAL ST | | |
| SUGAR LAND, TX 77479 | Judge | Transaction Date |
| | Richard, Laura | 02/19/2015 |

| Description | Amount Paid |
|---|---|

Wells Fargo Bank, N.A., as trustee for ACE Securities Cotp. Home Equity Loan Trust, Series 2004-OP1 Asset Backed Pass-Through Certificates, Series 2004-OP1

14-JEV41-08617

Wells Fargo Bank, N.A., as trustee for ACE Securities Cotp. Home Equity Loan Trust, Series 2004-OP1 Asset Backed Pass-Through Certificates, Series 2004-OP1 vs ALBERT MORRIS,Tilda Morris and All Occupants

| | Amount |
|---|---|
| Copy (Certified) 1st Page | **5.00** |
| Copies - Certified | 5.00 |
| Copy (Certified) Additional Page | **1.00** |
| Copies - Certified | 1.00 |
| **SUBTOTAL** | **6.00** |

Remaining Balance Due: $0.00

| **PAYMENT TOTAL** | **6.00** |
|---|---|
| Cash Tendered | 6.00 |
| Total Tendered | 6.00 |
| Change | 0.00 |

| 02/19/2015 | Cashier zapatern | Audit |
|---|---|---|
| 10:33 AM | Station JP4R04 | 5219019 |

## OFFICIAL RECEIPT